**Affirmed and Memorandum Opinion filed December 6, 2011.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-10-00919-CV

_____

**WEN'S ROYAL REMODELING, INC., BOSHENG WEN, AND WEN HAO WEN,**
**Appellants**

**V.**

**DN DEVELOPMENT CORPORATION, D/B/A CAFE 121 CHINESE**
**RESTAURANT, YAFEI "ANDY" WU, AND DAVID PHAM, Appellees**

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2008-69877**

## MEMORANDUM OPINION

Appellants, Bosheng Wen ("Wen") and Wen Hao Wen ("Walter Wen"), appeal from a judgment entered in favor of appellees, DN Development Corporation, d/b/a Cafe

121 Chinese Restaurant ("Cafe 121"), Yafei "Andy" Wu, and David Pham.[1]  We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Wen is the owner of Wen's Royal Remodeling, Inc. ("Royal").  Walter Wen is Wen's son, and he frequently assists his father with Royal's work.  Pham is the owner of Cafe 121.  Wu is Pham's stepfather and he assists Pham as the manager of the restaurant.

In May 2008 Cafe 121 entered into a contract with Royal for remodeling work on the restaurant.  Because the work did not proceed smoothly, the relationship between Wen and Wu deteriorated.  When Royal was unable to complete the remodeling work on time, Cafe 121 terminated the contract and completed the work with other contractors.  Cafe 121 eventually sued Royal for breach of contract, tortious interference with its landlord/tenant contract, and for negligence.  Royal countersued for breach of the same contract, alleging that Cafe 121 had not fully paid Royal on the contract.  The breach of contract claims were submitted to the jury, which determined that Royal, not Cafe 121 had breached the contract.  It awarded Cafe 121 $200.00 damages.  The issue of Cafe 121's attorney's fees was submitted to the trial court.  The trial court entered a final judgment awarding Cafe 121 $200.00 in damages, attorney's fees in the amount of $10,000.00, and a take nothing judgment in favor of Cafe 121 on Royal's breach of contract claim.  This part of the final judgment is not at issue in this appeal.

Wen and Walter Wen intervened in the original lawsuit.  Wen sued Wu and Pham for assault.  Walter Wen sued Wu and Pham for intentional infliction of emotional distress.  Both causes of action grew out of an incident that occurred at Cafe 121 on July 14, 2008.

---

[1] While Wen's Royal Remodeling, Inc. is listed as an appellant on the Notice of Appeal filed in this case as well as on the appellants' brief, it has not brought forth any issues on appeal challenging the trial court's judgment.

The relationship between Wen and Wu deteriorated throughout the time Royal worked on Cafe 121's restaurant, culminating in a confrontation between the two men on July 14, 2008. There were two versions of this occurrence. According to Wen, he went to the restaurant with his son Walter Wen on July 14. Wen left not long after arriving, leaving Walter Wen at the restaurant. Wen testified that while he was away from the restaurant, he received a strange telephone call from Wu. According to Wen, Wu cursed and threatened him during that telephone call. Concerned about his son, Wen quickly returned to the restaurant. When he arrived at the restaurant, Wen told his son to leave the premises. He then started removing a recently installed archway. According to Wen, Wu intervened and prevented Wen's removal of the archway. Wen then went to the bar area of the restaurant to get some of his tools, took his son by the hand, and tried to leave the restaurant. As they walked out of the restaurant, three men, Wu, Pham, and an unknown third person, rushed up to them, separated him from his son, pushed him down to the ground, and proceeded to assault him with their fists. Walter Wen testified that he was standing nearby and witnessed the entire assault.

Wu and Pham testified to a very different version of the July 14, 2008 occurrence. In this version, Wu saw Wen attempting to remove the archway from the restaurant. Wu rushed over and grabbed the other end of the archway and prevented Wen from taking it out of the building. While tugging on the archway, Wu shouted to Pham to call the police. Pham never had to call the police because Wen released the archway and left the restaurant. Both Wu and Pham testified that they did not assault Wen or observe anyone else assaulting Wen.

A third party witness, Clarence Reynolds, also testified during the trial. Reynolds was a truck driver who occasionally did odd jobs for Wu. Reynolds was present inside the restaurant on July 14.. Reynolds saw Wen take a hammer, remove the archway in the restaurant foyer, and attempt to exit the building with it. Wu approached Wen, and they spoke to each other. Wen then turned and tried to take the archway out of the building.

3

Wu grabbed the other end of the archway and prevented Wen from leaving. As Wen held on to the archway, Wu told Pham to call the police. Wen left the building at that point. Reynolds did not observe any kind of physical assault.

At the close of the evidence, the jury determined that Wu and Pham did not assault Wen and did not intentionally inflict emotional distress on Walter Wen. The trial court entered judgment in accordance with those findings. Appellants filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## DISCUSSION

Appellants bring four issues on appeal, which we consolidate into two. The issues contend the evidence is factually insufficient to support the jury's answers to questions 6, 7, 13, and 14.

## I. The standard of review.

In reviewing the factual sufficiency of the evidence, we must examine the entire record, considering both the evidence in favor of, and contrary to, the challenged findings. *See Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). When a party attacks the factual sufficiency of an adverse finding on which it had the burden of proof, it must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). We are not a fact-finder. Because we are not a fact-finder, we may not pass upon the witnesses' credibility or substitute our judgment for that of the jury, even if the evidence would support a different result. *Ellis*, 971 S.W.2d at 407. If we determine that the evidence is factually insufficient, we must detail the evidence relevant to the issue and state in what regard the contrary evidence greatly outweighs the evidence in support of the verdict. *Gonzalez v. McAllen Med. Ctr., Inc.,* 195 S.W.3d 680, 681 (Tex. 2006) (per curiam).

4

**II.    Is the evidence factually sufficient to support the jury's answers to questions 6 and 7?**

In their first two issues on appeal, appellants contend that the evidence is factually insufficient to support the jury's determination that Wu and Pham did not assault Wen. These issues, submitted to the jury in Questions 6 and 7 of the Jury Charge, were questions on which Wen had the burden of proof.

To prevail on a claim of civil assault, a plaintiff must establish the same elements required for criminal assault. *Johnson v. Davis*, 178 S.W.3d 230, 240 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Under the Texas Penal Code, a person commits assault by (1) intentionally knowingly, or recklessly causing bodily injury to another, including the person's spouse; (2) intentionally or knowingly threatening another with imminent bodily injury, including the person's spouse; or (3) intentionally or knowingly causing physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. *Id.* (citing Tex. Penal Code Ann. § 22.01(a) (West 2011)).

In their first two issues, appellants emphasize evidence that was contested, specifically, the testimony of Wen and Walter Wen that an assault occurred on July 14, 2008. However, the jury heard the testimony of all of the witnesses. While it is true Wen and Walter Wen both testified that Wen was assaulted, the jury could have discredited their testimony in its entirety and instead chose to believe the testimony of Wu, Pham, and Reynolds that no assault occurred. We conclude that the evidence is factually sufficient to support the jury's negative answers to questions 6 and 7 of the jury charge. We overrule appellants' first and second issues.

**III. Is the evidence factually sufficient to support the jury's answers to questions 13 and 14?**

In their third and fourth issues, appellants assert the evidence is factually insufficient to support the jury's determination that Wu and Pham did not intentionally inflict emotional distress on Walter Wen. These issues, submitted to the jury in Questions 13 and 14 of the Jury Charge, were questions on which Walter Wen had the burden of proof.

To recover for intentional infliction of emotional distress, a plaintiff must prove that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct proximately caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). In addition, for the defendant's conduct to be extreme and outrageous, the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized society. *Id.*

Walter Wen's claim for intentional infliction of emotional distress was based exclusively on his observation of the alleged assault on his father. We have already held that the evidence supporting the jury's finding that no assault occurred is factually sufficient. Because there was no assault, we hold the evidence was factually sufficient to support the jury's answers finding that Wu and Pham did not intentionally inflict emotional distress on Walter Wen. We overrule appellants' third and fourth issues.

## CONCLUSION

Having overruled each of the issues raised by appellants on appeal, we affirm the trial court's final judgment.

/s/    Adele Hedges
        Chief Justice

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.