

NUMBER 13-18-00623-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARIA R. PEDROZA,
INDIVIDUALLY AND AS
REPRESENTATIVE OF THE
ESTATE OF PEDRO A. PEDROZA,
ZULIA CAVAZOS, DANIEL
PEDROZA, AND LORRAINE
PEDROZA, AS HEIRS OF THE
ESTATE OF PEDRO A. PEDROZA,                          Appellants,

v.

MARIO SALAZAR AND
KINNEY BONDED WAREHOUSE, INC.,                       Appellees.

On appeal from the 332nd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria

Appellants Maria R. Pedroza, individually and as representative of the estate of Pedro A. Pedroza and Zulia Cavazos, Daniel Pedroza, and Lorraine Pedroza, as heirs of the estate of Pedro A. Pedroza appeal from a take-nothing judgment rendered against them in favor of appellees Mario Salazar and Kinney Bonded Warehouse, Inc. (KBW). Appellants argue that there was factually insufficient evidence to find that Pedro was 100% at fault in the accident that caused his death. We affirm.

## I.    BACKGROUND

Pedro owned and operated Pete's Tire Shop. On October 31, 2015, Pedro and his assistant, Gerardo Fernandez, were performing tire maintenance on an eighteen-wheeler tractor-trailer at KBW. In order to change one of the tires, Pedro instructed Salazar, an employee of KBW, to drive the tractor-trailer tire onto a wooden block, with the assistance of Fernandez. Salazar drove the truck onto the block and stopped when told by applying the pedal brake and then the airbrake. Salazar testified that after the first tire was successfully changed, Pedro told him to drive the tractor-trailer forward. Fernandez acted as his spotter and told Salazar he was "clear to go." However, when Salazar released the airbrake, the tractor-trailer rolled backwards, causing Salazar to immediately press the brake pedal. Unbeknownst to Salazar, Pedro had moved behind the vehicle and when the tractor-trailer rolled backwards, Pedro was crushed between the tractor-trailer and a wall. Pedro was killed as a result of the accident.

At the conclusion of trial, the jury found that Pedro was 100% at fault for the accident and placed no blame on Salazar.[1] The jury awarded no damages to appellants. This appeal followed.

## II.    INSUFFICIENT EVIDENCE

Appellants argue that the evidence was factually insufficient to sustain the verdict that Pedro was 100% at fault. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.001 (providing that a claimant may not recover tort damages if his percentage of responsibility is greater than fifty percent).

## A.    Standard of Review

In a factual sufficiency review, we view all the evidence in a neutral light and set aside the finding only if the finding is so contrary to the overwhelming weight of the evidence such that the finding is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2006); *Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 842 (Tex. App.—Dallas 2011, no pet.). When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain*, 709 S.W.2d at 176; *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

---

[1] The jury was not asked to assess KBW's percentage of responsibility, because KBW was named as a defendant only in its capacity as Salazar's employer under a vicarious liability theory.

3

The amount of evidence necessary to affirm is far less than the amount necessary to reverse a judgment. *GTE Mobilnet of S. Tex. v. Pascouet*, 61 S.W.3d 599, 616 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). This Court is not a factfinder. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 07 (Tex. 1998). Instead, the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *GTE Mobilnet*, 61 S.W.3d at 615–16. Therefore, we may not pass upon the witnesses' credibility or substitute our judgment for that of the jury, even if the evidence also would support a different result. *Id*. When presented with conflicting evidence, a jury may believe one witness and disbelieve others, and it also may resolve any inconsistencies in the testimony of any witness. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986). If we determine the evidence is factually insufficient, we must detail the evidence relevant to the issue and state in what regard the contrary evidence greatly outweighs the evidence in support of the verdict; we need not do so when affirming a jury's verdict. *Gonzalez v. McAllen Med. Ctr., Inc.*, 195 S.W.3d 680, 681 (Tex. 2006) (per curiam).

To prevail on a negligence claim, a plaintiff must establish a duty, a breach of that duty, and damages proximately caused by the breach. *Kroger Co. v. Milanes*, 474 S.W.3d 321, 335 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

**B.    Analysis**

Appellants raise their challenge to the sufficiency of the evidence specifically based on "numerous claims to undisputed facts" by multiple witnesses, including defense witnesses, "which in light of the entire record, are so contrary to the overwhelming weight

4

and preponderance of the evidence." Appellants argue that the evidence indicated that fault should have been placed on Salazar.[2]

Appellants argue that Salazar's own testimony implicates his negligence in the death of Pedro. Salazar testified that there were safer alternatives to the methods used to change the tire. Salazar's testimony was also clear on what was expected of a driver to safely move their tractor-trailer, explaining that before he moves it, he would walk around the tractor-trailer to be sure it was free from hazards and safe to move, which he did not do in this instance. Salazar confirmed that at all times, he was in control of the tractor-trailer, and he intended for the vehicle to move forward, not backward, when he was moving it off the wooden block. Appellants also rely on testimony that it should have been clear that a tractor-trailer in the position it was in would roll backward when the airbrakes were released.

In contrast, appellees point to evidence presented which supports their defensive theory that Pedro was at fault for his own injuries. Pedro was there to change the tires on Salazar's tractor-trailer, and according to Salazar's testimony, Pedro was in charge. Pedro instructed Salazar to move his tractor-trailer onto the wooden block to change the tire, and again to move it when it was time to change the second tire. Pedro gave the instruction to move the tractor-trailer off the wooden block, and Fernandez, acting as a spotter, instructed Salazar that it was okay to do so at the time that he did. Salazar

---

[2] Texas Civil Practice and Remedies Code provides that a claimant may not recover for tort damages if his percentage of responsibility is fifty percent or greater. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.001. Appellants do not argue, specifically, that Salazar was more than fifty percent at fault, but rather generally argue that he was at fault for the accident. Construing appellants' argument broadly, we consider it to mean that Salazar was more than fifty percent at fault.

testified that he did not expect Pedro to move behind the tractor-trailer once he was told to move it.

Furthermore, appellees contend that the testimony of Pedro's assistant, Fernandez, also supported the defensive contention that Pedro was at fault. Fernandez confirmed that Pedro was instructing Salazar where to move the tractor-trailer, that the method in which they were changing the tires using the wooden block was common for Pedro, and that it was Pedro's custom not to chock the tires, which would have prevented the wheels from moving backward. Fernandez further acknowledged that it was dangerous to walk behind the tractor-trailer as it was being moved, but that it was Pedro's decision to do so and that his decision to move behind the tractor-trailer was not communicated to Fernandez or Salazar.

Appellees' expert witnesses also testified in support of the defensive theory. David A. David, a workplace safety expert, testified that Pedro's method and procedures for changing the tires using a wooden block rather than the recommended tire jack, was not safe and was ultimately what led to Pedro's death. Gary Don Thomas, a "trucking expert" testified as to his experience in the industry and as a safety director. He opined that a jack, rather than the wooden block, should have been used to change the tires on the tractor-trailer. He also testified that Pedro placed himself in "harm's way" by deciding to walk behind the tractor-trailer. Thomas further explained that Salazar was not required, in this situation, to walk around the tractor-trailer for safety purposes because he was not entering a roadway.

Reviewing the record in a neutral light, we conclude that reasonable, fair-minded people could reasonably have found that less than fifty percent of the responsibility for

6

causing or contributing to cause Pedro's death was attributable to Salazar. Accordingly, we reject appellants' argument that the jury finding that Salazar was not liable goes against the great weight and preponderance of the evidence so as to be manifestly unjust. Appellants' sole issue is overruled.

### III.    CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Delivered and filed the
13th day of February, 2020.

7