**Majority Panel Opinion of July 16, 2019 and Dissenting Panel Opinion of September 24, 2019 Withdrawn; Affirmed in Part, Reversed and Rendered in Part, and Reversed and Remanded in Part and En Banc Majority Opinion and En Banc Dissenting Opinions filed March 31, 2020.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-19-00062-CV

### IN THE INTEREST OF L.C.L. AND M.E.M., CHILDREN

**On Appeal from the 315th District Court
Harris County, Texas
Trial Court Cause No. 2016-03785J**

## EN BANC DISSENTING OPINION

In deciding this case members of the en banc court reach different views of the facts and the law that inform today's judgment. But the en banc majority and dissenting opinions tell a larger story about the role of process in appellate decision-making and how failure to adhere to settled rules can skew appellate outcomes and compromise appellate justice.

***The en banc majority violates the requirement that the court detail the evidence in its opinion and explain why it has concluded that the evidence is factually insufficient to support the best-interest-of-the-child findings.***

Through the Texas Rules of Appellate Procedure and case law, the Supreme Court of Texas calls courts of appeals to show their work when they analyze whether the trial evidence is legally or factually sufficient to support a fact finding.[1] The high court "require[s] appellate courts to explain by written opinion their analyses and conclusions as to the issues necessary for final disposition of an appeal."[2] In keeping with this principle, the rules of appellate procedure require a court of appeals to write an opinion that advises the parties not only of the court's decision but also the basic reasons for that decision.[3]

After a bench trial, the trial court found that terminating Mother's parental rights would serve each of the children's best interest. On appeal, Mother argues that the trial evidence is legally and factually insufficient to support these findings. The en banc court concludes that the trial evidence is legally sufficient to support the best-interest findings but factually insufficient to support them.

In a factual-sufficiency review in a parental-rights-termination case, a court of appeals must give due consideration to evidence that the factfinder reasonably could have found to be clear and convincing.[4] The court of appeals must inquire as to "whether the evidence is such that a factfinder could reasonably form a firm belief

---

[1] *See* Tex. R. App. P. 47.4; *In re Columbia Medical Center of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 211 (Tex. 2009); *Gonzalez v. McAllen Medical Center, Inc.*, 195 S.W.3d 680, 681 (Tex. 2006) (per curiam).

[2] *See In re Columbia Medical Center of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d at 211.

[3] *See* Tex. R. App. P. 47.4; *Gonzalez*, 195 S.W.3d at 681.

[4] *In re J.F.C.*, 96 S.W.3d 256, 266–67 (Tex. 2002).

or conviction about the truth of the State's allegations."[5]  This means the reviewing court should consider whether the disputed evidence is such that a reasonable factfinder could not have resolved it in favor of the finding.[6]  If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.[7]

The law demands a heightened degree of specificity in explaining the reasons for the court of appeals's decision if the court concludes the evidence is factually insufficient to support a finding.[8]  If, as today, a reviewing court concludes the evidence is factually insufficient to support a parental-rights-termination finding, the court must detail the evidence in its opinion and explain why the court has concluded that a reasonable factfinder could not have credited the disputed evidence in favor of the finding.[9]  The en banc majority's treatment of the factual-sufficiency challenge contains no details, no explanations, and no analysis of the evidence. It is not a factual-sufficiency review; it is a factual-sufficiency conclusion.

The legal standard for determining that the evidence is factually insufficient to support a finding presents a high hurdle, one seldom cleared in the best-interest-of-the-child context.[10]  The standard requires a thorough and particularized analysis

---

[5] *Id*. (internal quotations omitted).

[6] *Id*.

[7] *Id*.

[8] *See Windrum v. Kareh*, 581 S.W.3d 761, 781–82 (Tex. 2019); *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761–62 Tex. 2003); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 634–35 (Tex. 1986).

[9] *See Windrum*, 581 S.W.3d at 781–82; *In re J.F.C.*, 96 S.W.3d at 266–67.

[10] *See Windrum*, 581 S.W.3d at 781–82; *Golden Eagle Archery, Inc.*, 116 S.W.3d at 761–62; *In re J.F.C.*, 96 S.W.3d at 266–67; *Pool*, 715 S.W.2d at 634–35.

of *all* the facts.[11]  Yet, the en banc majority denounces the factual sufficiency of the evidence without doing any of the following tasks crucial to the process:

- identifying the disputed evidence;

- explaining why the en banc majority has concluded that a reasonable factfinder could not have credited the disputed evidence in favor of the best-interest findings; and

- explaining why the en banc majority has concluded that the disputed evidence that a reasonable factfinder could not have credited in favor of the best-interest findings is so significant that a factfinder could not reasonably have formed a firm belief or conviction that termination of Mother's parental rights is in each of the children's best interest.[12]

The en banc majority bypasses the process the law requires.  The en banc majority's individual failures to identify, unpack, and analyze all the record evidence violates binding supreme-court precedent.[13]   And, those failures rob the parties, the trial court, and the public of the intended benefits of the appellate process.

### *Process matters.*

Requiring courts to show their work by reducing their reasons to writing serves several functions. First, it operates as a check on the decision-makers' analytical process and faithfulness to the record.  It helps to ensure that they consider the evidence and conduct the sufficiency review in accordance with applicable legal standards so that their conclusions amount to more than judicial ipse dixit.   The contemplated end product — a written opinion with reasons — undergirds a second

---

[11] *See Windrum*, 581 S.W.3d at 781–82; *In re J.F.C.*, 96 S.W.3d at 266–67.

[12] *See In re J.F.C.*, 96 S.W.3d at 266–67.

[13] *See Windrum*, 581 S.W.3d at 781–82; *In re J.F.C.*, 96 S.W.3d at 266–67; *In re C.H.*, 89 S.W.3d 17, 25–29 (Tex. 2002); *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

purpose, which is to give the parties and the trial court the assurance of proper appellate review. In this way, a properly conducted sufficiency review provides that essential measure of transparency that is so vital to our rule-of-law system. When a court of appeals concludes that the trial evidence is factually insufficient to support a fact finding, the requirement that the court detail the evidence and explain its analysis allows the supreme court to review the opinion to make sure that the court of appeals applied the proper legal standard and that the court of appeals did not substitute its judgment on the facts for that of the factfinder.[14]

Appellate justice impacts more than the particular litigants in the case before the court. Because published appellate opinions become part of the law, giving detailed reasons in a sufficiency review serves a third function of developing the jurisprudence. When a reviewing court does not give reasons for its holding, neither the public, nor the bench, nor the bar has a basis for knowing what the law is or how it will be applied in the future. Giving reasons illumines the court's thinking, so that in keeping with stare decisis, others may apply the same rationale in like cases. Detailed analysis thus serves a fourth function of promoting uniformity and predictability in the law. By failing to show its work, the en banc court serves none of these important functions today.

/s/    Kem Thompson Frost
Chief Justice

En banc court consists of Chief Justice Frost and Justices Christopher, Wise, Jewell, Bourliot, Zimmerer, Spain, Hassan, and Poissant. Justice Hassan authored the En Banc Majority Opinion, in which Justices Bourliot, Zimmerer, Spain, and Poissant joined. Justice Wise authored an En Banc Dissenting Opinion, in which Chief Justice Frost and Justices Christopher and Jewell joined. Chief Justice Frost authored an En Banc Dissenting Opinion.

---

[14] *See Windrum*, 581 S.W.3d at 781; *Pool*, 715 S.W.2d at 635.