# Supreme Court of Texas

---

No. 20-0174

---

Industrial Specialists, LLC,

*Petitioner*,

v.

Blanchard Refining Company LLC and Marathon Petroleum
Company LP,

*Respondents*

---

On Petition for Review from the
Court of Appeals for the First District of Texas

---

**Argued February 1, 2022**

JUSTICE BOYD announced the Court's judgment and delivered an
opinion in which Justice Devine and Justice Huddle joined.

JUSTICE BLACKLOCK filed a concurring opinion in which Justice
Bland joined.

JUSTICE BUSBY filed a dissenting opinion in which Chief Justice
Hecht and Justice Young joined.

Justice Lehrmann did not participate in the decision.

After denying the parties' competing summary-judgment motions, the trial court entered an order permitting an interlocutory appeal. The court of appeals, however, refused the application for permissive appeal, stating that the application failed to establish the statutory requirements. Both parties contend the court of appeals abused its discretion, both by refusing the permissive appeal and by failing to adequately explain its reasons. We disagree with both arguments and affirm.

## I.
## Background

Blanchard Refining Company[1] hired Industrial Specialists to provide turnaround services at Blanchard's refinery in Texas City. Three years into the five-year contract, a fire occurred in a regenerator vessel, injuring numerous Industrial Specialists employees and one employee of another contractor. The employees sued Blanchard and all of its other contractors, but they did not sue Industrial Specialists.[2] Blanchard demanded a defense and indemnity from Industrial Specialists pursuant to an indemnity provision in the parties' contract. Industrial Specialists rejected the demand.

---

[1] Blanchard is a wholly owned subsidiary of Blanchard Holdings Company, LLC, which is owned by Marathon Petroleum Company. Blanchard and Marathon are both parties and respondents in this case. We will refer to them collectively as Blanchard.

[2] The Workers' Compensation Act barred the Industrial Specialists employees from suing their employer. *See* TEX. LABOR CODE § 408.001(a). The other contractor's employee apparently elected not to sue Industrial Specialists.

2

Blanchard and the other contractors ultimately settled all the employees' claims for $104 million. Blanchard paid $86 million of that total. Blanchard then filed this suit against Industrial Specialists, seeking to enforce the indemnity provision. Blanchard and Industrial Specialists filed competing summary-judgment motions. The trial court denied both without explaining its reasons but granted Industrial Specialists' unopposed motion to pursue a permissive interlocutory appeal under section 51.014(d) of the Texas Civil Practice and Remedies Code.

The court of appeals denied Industrial Specialists' petition for permissive appeal. 634 S.W.3d 760, 760 (Tex. App.—Houston [1st Dist.] 2019). In a one-page memorandum opinion, the court concluded that "the petition fail[ed] to establish each requirement" for a permissive appeal. *Id.* (citing TEX. R. APP. P. 28.3(e)(4)). We granted Industrial Specialists' petition for review.

## II.
## Permissive Interlocutory Appeals

Since at least as early as the federal Judiciary Act of 1789, American law has generally permitted appeals only from "final decrees and judgments."[3] We have honored this final-judgment rule in Texas, recognizing that it promotes "[c]onsistency, finality, and judicial economy" and ensures that courts decide cases expediently and on a full

---

[3] *See* Judiciary Act of 1789, ch. XX, § 22, 1 Stat. 73, 84 (codified at 28 U.S.C. § 1291 (2012)) (permitting circuit courts to review "final decrees and judgments" from district courts).

record. *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019).

The final-judgment rule, however, has its exceptions.[4] The Texas Legislature has created numerous exceptions through the years, first allowing interlocutory appeals in a few narrow circumstances as early as 1892.[5] In 1985, the legislature enacted section 51.014(a) of the Texas Civil Practice and Remedies Code, gathering into one subsection the four types of then-existing interlocutory appeals by right.[6] By 2001, those original four had doubled to eight, prompting then-JUSTICE HECHT to observe a "recent and extensive legislative expansion of the jurisdiction of the courts of appeals over a wider variety of interlocutory orders." *Wagner & Brown, Ltd. v. Harwood*, 53 S.W.3d 347, 350 (Tex. 2001) (HECHT, J., dissenting) (citing TEX. CIV. PRAC. & REM. CODE §§ 15.003, 51.014(a)(7), (8)).

That same year, however, we continued to characterize the final-judgment rule as "the general rule, with a few mostly statutory exceptions." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). But the legislature continued to create additional exceptions, expanding

---

[4] For example, article V, section 3-b of the Texas Constitution, adopted in 1940, authorizes the legislature to permit appeals directly to this Court from "an order of any trial court granting or denying an interlocutory or permanent injunction on the grounds of the constitutionality or unconstitutionality of any statute of this State, or on the validity or invalidity of any administrative order issued by any state agency under any statute of this State." TEX. CONST. art. V, § 3-b.

[5] *See* Elizabeth L. Thompson, *Interlocutory Appeals in Texas: A History*, 48 ST. MARY'S L.J. 65, 69–70 (2016).

[6] Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3280.

section 51.014(a) by 2019 to permit appeals from fourteen different types of interlocutory orders. We acknowledged the shifting legal landscape that year, observing that the practice of "[l]imiting appeals to final judgments can no longer be said to be the general rule." *Dall. Symphony Ass'n, Inc. v. Reyes*, 571 S.W.3d 753, 759 (Tex. 2019). In 2021, the legislature amended section 51.014(a) to authorize interlocutory appeals in three additional circumstances, increasing the total to seventeen.[7]

In addition to authorizing appeals from specific types of interlocutory orders, the legislature added a broader exception in 2011, authorizing permissive appeals from interlocutory orders that are "not otherwise appealable." TEX. CIV. PRAC. & REM. CODE § 51.014(d). Subsection (d) says trial courts "may" permit an appeal from an interlocutory order that is not otherwise appealable if (1) the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion," and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* And subsection (f) provides that, if a trial court permits such an appeal, the court of appeals "may" accept the appeal if the appealing party timely files "an application for interlocutory appeal explaining why an appeal is warranted under Subsection (d)." *Id.* § 51.014(f).

---

[7] *See* Act effective Sept. 1, 2021, 87th Leg., R.S., ch. 167, § 1, 2021 Tex. Gen. Laws __, __; Act effective June 14, 2021, 87th Leg., R.S., ch. 528, § 1, 2021 Tex. Gen. Laws __, __; Act effective June 16, 2021, 87th Leg., R.S., ch. 813, § 1, 2021 Tex. Gen. Laws __, __ (collectively codified at TEX. CIV. PRAC. & REM. CODE § 51.014(a)(15)).

We enacted two new procedural rules in 2011 to accommodate this new permissive-appeal exception. First, we enacted rule 168 of the Texas Rules of Civil Procedure, requiring that trial-court orders authorizing permissive appeals "identify the controlling question of law as to which there is a substantial ground for difference of opinion" and "state why an immediate appeal may materially advance the ultimate termination of the litigation." TEX. R. CIV. P. 168. We then enacted rule 28.3 of the Texas Rules of Appellate Procedure, addressing the procedural requirements for perfecting a permissive appeal in the courts of appeals. *See* TEX. R. APP. P. 28.3. Subsection (e) of rule 28.3 requires that a petition for permission to appeal must "argue clearly and concisely why the order to be appealed" meets those two requirements. TEX. R. APP. P. 28.3(e)(4).

In this case, the trial court granted Industrial Specialists' unopposed motion for permission to appeal, and the parties do not dispute that the court's order complied with rule 168. The court of appeals, however, declined to accept the appeal and issued a memorandum opinion stating its conclusion "that the petition fails to establish each requirement of Rule 28.3[](e)(4)." 634 S.W.3d at 760. In this Court, Industrial Specialists argues (and Blanchard agrees) that the court of appeals abused its discretion by refusing to accept the appeal and by failing to adequately explain its reasons for that decision. Based on the plain language of section 51.014(f) and the applicable rules, we disagree.

6

## A. Discretion to Refuse a Permissive Appeal

As explained, section 51.014(d) provides that a trial court "*may . . .* permit an appeal from an order that is not otherwise appealable *if*" the two requirements are met, and section 51.014(f) provides that a court of appeals "*may* accept" such an appeal "*if* the appealing party" timely files an application "explaining why an appeal is warranted under Subsection (d)." TEX. CIV. PRAC. & REM. CODE § 51.014(d), (f) (emphases added). Similarly, the rules this Court enacted to implement subsections (d) and (f) provide that "a trial court *may* permit" a permissive appeal, TEX. R. CIV. P. 168 (emphasis added), and an appeal "is deemed" filed "[i]f" the court of appeals grants the petition, TEX. R. APP. P. 28.3(k).

We recently reviewed these provisions for the first time in *Sabre Travel*. We held in a unanimous opinion that the use of the phrase "may accept" in section 51.014(f) "convey[s] a discretionary function in the court of appeals," and the phrase "may . . . permit" in subsection (d) grants similar discretion to the trial court. 567 S.W.3d at 731. Based on the statute's unambiguously permissive language, we held that "courts of appeals have discretion to accept or deny permissive interlocutory appeals certified under section 51.014(d)," and added that "[o]ur procedural rules make that clear." *Id.* at 732.

Nevertheless, Industrial Specialists argues that the court of appeals abused its discretion by refusing this permissive appeal because the trial court concluded that the two requirements are satisfied and both parties agree with that conclusion. Arguing that the court of appeals' discretion "cannot be unlimited," Industrial Specialists insists

7

that the court's actions were "arbitrary and unreasonable" because, as both parties agree, "this case falls squarely within" subsection (d)'s requirements "and is precisely the type of case for which [the permissive-appeal] process was designed."

We agree that section 51.014 limits courts' discretion when addressing permissive appeals. But the limits section 51.014 imposes restrict the permitting and accepting—not the denial or refusal—of an interlocutory appeal. A trial court may permit an appeal only "if" subsection (d)'s two requirements are met, and the court of appeals "may accept" the appeal only if the application explains "why an appeal is warranted under Subsection (d)." TEX. CIV. PRAC. & REM. CODE § 51.014(d), (f). The courts have no discretion to permit or accept an appeal if the two requirements are not satisfied. But if the two requirements *are* satisfied, the statute then grants courts vast—indeed, unfettered—discretion to accept or permit the appeal. Nothing in the statute or in our rules implementing the statute can be read to provide that the courts *must* permit and accept an appeal when the requirements are met.

Nor do the "guiding principles" recognized by our precedent—which cabin discretion by prohibiting arbitrary and unreasonable acts—impose a limit here. *See, e.g.*, *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1991) (describing abuse of discretion as "a question of whether the court acted without reference to any guiding rules and principles"). Section 51.014 does not expound on the guiding principles that limit a court of appeals' discretion, but its application does not intrinsically implicate them. The statute instead defines *when*

8

a court of appeals "may" exercise discretion and when it may not. Even if we, like our dissenting colleagues, believe that guiding principles are "particularly important" in these circumstances, we cannot rewrite a statute that imposes no such principles. *Post* at ___ (BUSBY, J., dissenting). Section 51.014 addresses whether discretion exists at all; it does not impose principles to guide the exercise of that discretion when it does exist.

Industrial Specialists argues that a court of appeals would act arbitrarily and unreasonably if it were to accept or refuse a permissive appeal without considering whether the two requirements are satisfied. In response to this point, we note that subsection (f)'s requirement that the appealing party explain in its application "why an appeal is warranted under subsection (d)" is not accompanied by any express command that the courts of appeals then consider the appealing party's explanation. But given that this obligation would be rendered essentially meaningless if the statute did not implicitly charge courts of appeals with the duty to consider the party's explanation, a court of appeals might abuse its discretion by failing to do so. But here, the court of appeals' opinion confirms that the court did consider the two requirements and concluded that the petition did not satisfy them. The statute does not expressly state whether more or less is required. Our dissenting colleagues would require more, *post* at ___ (BUSBY, J., dissenting); our concurring colleagues would require less, *post* at ___ (BLACKLOCK, J., concurring). Which view is correct is not a question we must resolve today. The court of appeals' opinion states that it considered the statute's two requirements and determined they were not

9

satisfied, so we need not decide whether it would have abused its discretion if it had rejected the appeal without considering the requirements.

We do not agree that a trial court's conclusion that the requirements are met (or the parties' agreement with that conclusion) somehow constrains the court of appeals' discretion. Under subsection (f), the trial court's decision to permit the appeal is merely the prerequisite for the court of appeals to exercise its discretion at all. The trial court's conclusion regarding the two requirements has no bearing on the court of appeals' subsequent evaluation of the requirements under subsection (f).[8]

Nor does the federal permissive-appeals statute impose or suggest a limit on the discretion of Texas courts of appeals. As we explained in *Sabre Travel*, "the Legislature modeled section 51.014(d) after the federal counterpart to permissive interlocutory appeals," and the United States Supreme Court has interpreted that counterpart "as providing federal circuit courts *absolute discretion* to accept or deny permissive appeals." *Sabre Travel*, 567 S.W.3d at 731–32 (emphasis added) (addressing 28 U.S.C. § 1292(b)). Industrial Specialists suggests that section 1292(b) is distinguishable, however, because it states that

---

[8] Our dissenting colleagues agree with the trial court's conclusion that the two requirements "have been met," *post* at ___ (BUSBY, J., dissenting), but that assertion—even if true—is irrelevant. Our disagreement with the result of the court of appeals' properly exercised discretion as to the two requirements cannot, standing alone, establish abuse of discretion. And if we believe the court of appeals objectively erred, as our dissenting colleagues believe, our procedural rules permit us to accept the appeal ourselves even though the court of appeals declined it. *See Sabre Travel*, 567 S.W.3d at 729–30. Ironically, our dissenting colleagues do not even suggest that we should do so here.

a court of appeals "may . . . *in its discretion*, permit an appeal to be taken." 28 U.S.C. § 1292(b) (emphasis added). But the legislature's choice to omit "in its discretion" while retaining the word "may" cannot be read as diminishing the fundamentally discretionary nature of the word "may." *See* TEX. GOV'T CODE § 311.016(1) ("'May' creates discretionary authority or grants permission or a power."); *May*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/may (last visited May 27, 2022) (defining "may" as an auxiliary verb "used to indicate possibility or probability" and meaning to "have permission to" or "be free to"); *May*, DICTIONARY.COM, https://www.dictionary.com/browse/may (last visited May 27, 2022) (defining "may" as an auxiliary verb "used to express possibility" or "opportunity or permission"). Discretion is the indispensable precondition for meaningful judgment, and as such it cannot be capped by a party's own wishful revisionism, self-serving interpretation, or impatience with time-tested methods of just and measured adjudication. We cannot interpose a firm limit on a court of appeals' discretion under section 51.014(f) when the statute itself grants the court discretion and imposes no such limit.

In our comment accompanying rule 28.3(e)(4), we noted that it was "intended to be similar" to rule 53.1, which governs petitions for review in this Court. TEX. R. APP. P. 28.3 cmt. Rule 53.1, which states that this Court "*may* review" properly filed petitions for review, does not require that we grant any particular petition, even if the lower courts and the parties all agree that we should grant it. *See* TEX. R. APP. P. 53.1, 56.1(a) ("Whether to grant review is a matter of judicial discretion."). As

we concluded in *Sabre Travel*, "the courts of appeals can similarly accept or deny a permissive interlocutory appeal as we can a petition for review." 567 S.W.3d at 731 (citing TEX. R. APP. P. 28.3 cmt.).

In this case, the court of appeals acknowledged subsection (d)'s requirements and concluded that this appeal fails to satisfy either of them. We need not analyze whether the court of appeals reached the correct conclusion because it acted within its discretion in exercising its independent judgment. But we note that its conclusion was, at a minimum, plausible. Although both Blanchard and Industrial Specialists filed summary-judgment motions and the trial court denied them both, only Industrial Specialists requested and received permission to appeal. *If* the court of appeals concluded that the trial court correctly denied Industrial Specialists' summary-judgment motion, subsection (d)'s second requirement would not be satisfied because granting the permissive appeal simply to affirm the trial court's denial of a summary-judgment motion would not have materially advanced the litigation. In any event, the abuse-of-discretion standard does not permit us to second-guess the court's judgment on that question.

The parties highlight the admonition we expressed in *Sabre Travel*: "Just because courts of appeals *can* decline to accept permissive interlocutory appeals does not mean they *should.*" *Id.* at 732–33 (emphases added). As they note, the court of appeals' denial of Industrial Specialists' permissive interlocutory appeal follows a clear trend: since our 2019 decision in *Sabre Travel*, this same court of appeals has reviewed requests from nine parties that received a trial court's

12

permission to pursue an interlocutory appeal under section 51.014(d).[9] The court denied permission in eight of the nine cases, twice incurring a dissent from denial of rehearing,[10] and tellingly published an identical typographical error—"Rule 28.3(3)(e)(4)" instead of "Rule 28.3(e)(4)"—in four of those eight orders.[11] The court's duplicative denials could at least be read to indicate its disagreement with our exhortation in *Sabre Travel*.

---

[9] *See Devillier v. Leonards*, Nos. 01-20-00223-CV & 01-20-00224-CV, 2020 WL 5823292, at *1 (Tex. App.—Houston [1st Dist.] Oct. 1, 2020, no pet.) (per curiam) (mem. op.); *Quintanilla v. Mosequeda*, No. 01-20-00387-CV, 2020 WL 3820256, at *1 (Tex. App.—Houston [1st Dist.] July 7, 2020, no pet.) (per curiam) (mem. op.); *Sealy Emergency Room, LLC v. Leschper*, No. 01-19-00923-CV, 2020 WL 536013, at *1 (Tex. App.—Houston [1st Dist.] Feb. 4, 2020, pet. denied) (per curiam) (mem. op.); 634 S.W.3d at 760; *StarNet Ins. Co. v. RiceTec, Inc.*, 586 S.W.3d 434, 442 (Tex. App.—Houston [1st Dist.] 2019, pet. denied); *By the Sea Council of Co-owners, Inc. v. Tex. Windstorm Ins. Ass'n*, No. 01-19-00415-CV, 2019 WL 3293701, at *1 (Tex. App.—Houston [1st Dist.] July 23, 2019, no pet.) (per curiam) (mem. op.); *Thien Nguyen v. Garza*, No. 01-19-00090-CV, 2019 WL 1940802, at *1 (Tex. App.—Houston [1st Dist.] May 2, 2019, pet. denied) (per curiam) (mem. op.); *Thompson v. Landry*, No. 01-19-00203-CV, 2019 WL 1811087, at *1 (Tex. App.—Houston [1st Dist.] Apr. 25, 2019, no pet.) (per curiam) (mem. op.); *Mosaic Baybrook One, L.P. v. Simien*, No. 01-18-00995-CV, 2019 WL 543690, at *1 (Tex. App.—Houston [1st Dist.] Feb. 12, 2019, pet. granted) (per curiam) (mem. op.).

[10] *See Devillier v. Leonards*, No. 01-20-00224-CV, 2020 WL 7869217, at *1–3 (Tex. App.—Houston [1st Dist.] Dec. 31, 2020, no pet.) (Keyes, J., dissenting from denial of rehearing) (arguing that review was necessary because the case involved an issue of first impression); *Mosaic Baybrook One, L.P. v. Simien*, No. 01-18-00995-CV, 2019 WL 2458991, at *3 (Tex. App.—Houston [1st Dist.] June 13, 2019, pet. granted) (Keyes, J., dissenting from denial of rehearing en banc) (arguing that the court abused its discretion by denying appeal of a controlling issue of law that would determine a class-certification issue).

[11] *See Devillier*, 2020 WL 5823292, at *1; *Sealy Emergency Room*, 2020 WL 536013, at *1; 634 S.W.3d at 760; *Mosaic Baybrook One*, 2019 WL 543690, at *1.

We observed in *Sabre Travel* that "[i]f all courts of appeals were to exercise their discretion to deny permissive interlocutory appeals certified under section 51.014(d), the legislative intent favoring early, efficient resolution of determinative legal issues in such cases would be thwarted." *Id.* at 732. But our warning in *Sabre Travel* was issued to "caution," not to command. *Id.* The court of appeals' recurring rejections may signify disrespect for the line between discretion and dereliction, but that is a line the legislature chose to draw quite loosely in section 51.014(f). We could, perhaps, impose stricter requirements by amending our rules, but we cannot do so by holding that the statute imposes limits it simply does not impose. We thus conclude that the court of appeals did not abuse its discretion by refusing to accept this permissive interlocutory appeal.

## B. Explanations for Refusals

Industrial Specialists argues that, even if the court of appeals did not abuse its discretion by refusing the appeal, it did abuse its discretion by failing to adequately explain its reasons for doing so. For support, it relies on Texas Rule of Appellate Procedure 47.1, which requires courts of appeals to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal," and rule 47.4, which requires that memorandum opinions be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it." TEX. R. APP. P. 47.1, 47.4.[12] Blanchard

---

[12] Opinions issued solely to deny permissive interlocutory appeals must be memorandum opinions, which are required where the opinion does not establish or modify a rule of law, apply a rule to novel facts likely to recur,

agrees, asserting that "the court of appeals erred in denying [Industrial Specialists'] request for a permissive interlocutory appeal without giving any reason for its ruling."

But the court of appeals' opinion in this case complied with these rules. The court's "decision" was to reject the interlocutory appeal, and its opinion explained that its decision was based on its conclusion that "the petition fails to establish each requirement of Rule 28.3[](e)(4)." 634 S.W.3d at 760. The opinion addressed the only issue "raised and necessary to final disposition of the appeal," as rule 47.1 requires, and advised the parties "of the court's decision [to refuse the appeal] and the basic reasons for it," as rule 47.4 requires. According to the opinion, the court of appeals did not refuse the appeal without having considered whether (or despite a finding that) the requirements were met; rather, it refused the appeal *because* it concluded they were not met.[13] And the opinion explained this while remaining "as brief as practicable" and "no longer than necessary," as the rules also require.

Our dissenting colleagues demand far more from the court of appeals' opinion than our rules and our precedent require. Critically, the dissent interprets rule 47.4 as requiring the opinion to "explain the basic

---

involve constitutional or other important legal issues, criticize existing law, or resolve an apparent conflict of authority. *See* TEX. R. APP. P. 47.4(a)–(d).

[13] It is the presence of *reasoning*—not a "boilerplate conclusion," as envisioned by the dissent—that separates the court of appeals' opinion here from the seven other opinions cited by the dissent, *see post* at ___ (BUSBY, J., dissenting), all of which fail to state the "basic reasons" for their decision. *See, e.g.*, *BPX Operating Co. v. 1776 Energy Partners, LLC*, No. 04-21-00054-CV, 2021 WL 1894830, at \*1 (Tex. App.—San Antonio May 12, 2021, no pet.) (per curiam) (mem. op.) ("Having fully considered the petition for permissive appeal and response, we deny the petition for permissive appeal.").

reasons" it disagreed with the parties' arguments that "the two requirements for a permissive appeal were met." *Post* at ___ (BUSBY, J., dissenting). But the court's decision and disposition were to reject the interlocutory appeal, and its opinion duly described its basic reason for doing so: "Because we conclude the petition fails to establish [the two requirements], we deny the petition for permissive appeal." 634 S.W.3d at 760. This was the basic, and only, reason for the court's decision not to accept the appeal.[14] But our dissenting colleagues would require more, demanding that the court engage with the parties' arguments against those reasons. *Post* at ___ (BUSBY, J., dissenting). Rule 47.4 imposes no such requirement, and our precedent—contrary to the dissenting opinion's characterizations—does not require more, either. *See, e.g., Citizens Nat'l Bank in Waxahachie v. Scott*, 195 S.W.3d 94, 96 (Tex. 2006) (per curiam) (holding court of appeals violated rule 47.4 by

---

[14] The dissenting opinion describes four issues that might motivate a court of appeals to deny permission for permissive appeal, only one of which concerns whether the two requirements of section 51.014(d) are met. *Post* at ___ (BUSBY, J., dissenting). Had the court of appeals' opinion here relied on one of these other reasons, such as untimely filing, there would of course be no need to address the two requirements. And given section 51.014(f)'s instruction that the court of appeals may accept the appeal if the application explains "why an appeal is *warranted*," the dissent is correct to note that other factors beyond the two requirements might prompt a court to deny permissive appeal. TEX. CIV. PRAC. & REM. CODE § 51.014(f) (emphasis added); *post* at ___ (BUSBY, J., dissenting). And as noted, we expressly decline to rule further than necessary by opining on whether a court of appeals that failed to consider the two requirements would abuse its discretion. Here, the court unequivocally rested its denial on the petition's failure to establish the two requirements, 634 S.W.3d at 760, so by stating they were unmet, the court gave its "basic reasons." TEX. R. APP. P. 47.4.

"failing to give *any reason whatsoever* for its conclusion that the evidence established a finding of nonpayment" (emphasis added)).

Industrial Specialists and Blanchard raise various policy reasons why the Court should require courts of appeals to provide more than the "basic" reasons for their decision to reject a permissive appeal. We have imposed similar requirements in other circumstances. *See, e.g.*, *In re Columbia Med. Ctr.*, 290 S.W.3d 204, 212–13 (Tex. 2009) (requiring trial courts to give reasons for disregarding a jury verdict and granting a new trial); *Gonzalez v. McAllen Med. Ctr.*, 195 S.W.3d 680, 680–81 (Tex. 2006) (per curiam) (requiring courts of appeals to explain reasons for concluding that factually sufficient evidence supports a jury verdict); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (requiring courts of appeals to detail relevant evidence and "clearly state" their reasons for finding the evidence factually insufficient to support a jury verdict). Although these decisions are distinguishable because they aimed to protect the sanctity of the constitutional right to jury trial, we do not completely disregard the parties' point. And in a similar vein, the dissenting opinion supplies an abundance of policy considerations to support its view that we "should" require explanations from courts denying permissive appeals, including ensuring meaningful deliberation, facilitating appellate review, developing Texas jurisprudence, fostering predictability, and furthering the statute's purpose. *Post* at ___ (BUSBY, J., dissenting). To the extent we agree with these policy arguments, or believe that more thorough explanations are desirable, we may consider amending rule 47 to revise its requirements.

But we will not supplant our proven and principled method of revising our rules by imposing such a change today by judicial fiat.

We are asked whether the court of appeals abused its discretion, and we cannot conclude that it did so by failing to comply with what the rules *ought* to say. We thus conclude that the court of appeals did not abuse its discretion by failing to more thoroughly explain its reasons for refusing to accept this permissive appeal.

## C. This Court's Discretion

Finally, as we explained in *Sabre Travel*, a trial court's conclusion that subsection (d)'s two requirements are satisfied and decision to permit an appeal under section 51.014(d) "permits an appeal" from the order, "and this Court's jurisdiction is then proper under [Texas Government Code] section 22.225(d) regardless of how the court of appeals exercises its discretion over the permissive appeal." *Sabre Travel*, 567 S.W.3d at 733. Thus, we may review an interlocutory appeal that a trial court has permitted even when the court of appeals has refused to hear it.[15] Both parties urge us to exercise our jurisdiction here, arguing that "[j]udicial efficiency weighs in favor of this Court deciding those issues now, rather than remanding for the court of appeals."

---

[15] Although we exercised jurisdiction in *Sabre Travel* under the now-superseded section 22.225(d), we have interpreted section 22.001(a)'s jurisdictional grant as being broader than section 22.225(d), *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 549 (Tex. 2019), ensuring that *Sabre Travel* is still both relevant and instructive here. *Sabre Travel*, 567 S.W.3d at 733–34 (holding that a trial court's certification of an interlocutory order under section 51.014(d) was sufficient to implicate our jurisdiction even where the appellate court denied permissive appeal).

18

Like the courts of appeals, we have broad discretion in choosing whether to exercise our jurisdiction. We are reluctant, however, to intervene at the summary-judgment stage, with an incomplete record, and before the courts below have resolved the case on the merits. *See, e.g., Pidgeon v. Turner*, 538 S.W.3d 73, 81 & n.15 (Tex. 2017). The final-judgment rule may entail "inevitable inefficiencies," *Sabre Travel*, 567 S.W.3d at 732, and permissive appeals may reduce those inefficiencies, but we are not inclined to allow the permissive-appeal process to morph into an alternative process for direct appeals to this Court, particularly from orders denying summary-judgment motions. A just and deliberate judicial system remains far preferable to a merely efficient one.

### III.
### Conclusion

We hold that section 51.014(f) permits Texas courts of appeals to accept a permissive interlocutory appeal when the two requirements of section 51.014(d) are met, but it grants the courts discretion to reject the appeal even when the requirements are met.[16] And rule 47 requires the courts to state only their basic reasons for their decision to accept or reject the appeal. Accordingly, we conclude that the court of appeals did not abuse its discretion by refusing to accept this permissive interlocutory appeal or by failing to provide more thorough reasons for

---

[16] Our concurring colleagues join in this holding, making it a holding of the Court. *See post* at ___ (BLACKLOCK, J., concurring). And even the dissenting opinion, for all of its bluster, agrees that "nothing in the statute or our rules requires a court to accept the appeal when section 51.014(d)'s requirements are met." *See post* at ___ (BUSBY, J., dissenting). Considering we unanimously said this just three years ago in *Sabre Travel*, our unanimous agreement today should be no surprise.

19

that decision. We decline to reach the merits of the underlying case, affirm the court of appeals' judgment, and remand the case to the trial court for further proceedings.

_____

Jeffrey S. Boyd
Justice

**OPINION DELIVERED:** June 10, 2022