Oscar GONZALEZ, Individually and on Behalf of the Estate of Enrique Gonzalez, Emma Gonzalez, Enrique Gonzalez, Jr., Armando Gonzalez, Ricardo Gonzalez, and Hector Gonzalez, Petitioners,

v.

MCALLEN MEDICAL CENTER, INC., and Jose I. Igoa, Respondents.

No. 03–0939.

Supreme Court of Texas.

June 9, 2006.

Levon G. Hovnatanian, Martin Disiere Jefferson & Wisdom, L.L.P., John M. O'Quinn, O'Quinn Laminack & Pirtle, Houston, Jaime A. Gonzalez, Gonzalez & Associates, McAllen, David W. Holman, Godwin Pappas Langley Ronquillo, LLP, Robert Alan York, Godwin Gruber, LLP, Benjamin L. Hall III, The Hall Law Firm, and Holly Melissa Wheeler, Houston, for Petitioners.

Richard A. Sheehy, Sheehy, Serpe & ware, P.C., Houston, Steven M. Gonzalez, Gonzales Gaytan Garza & Castillo, LLP, McAllen, Robert B. Dubose, Robert M. Roach Jr., Sean Reed Cox, Cook & Roach, L.L.P., Houston, Christopher C. Franz, The Franz Law Firm, McAllen, Charles E. Sweetman, Sweetman & Wise, Brownsville, for Respondents.

PER CURIAM.

A jury rejected the medical negligence claims brought by the family of Enrique Gonzalez against McAllen Medical Center and Dr. Jose Igoa. The plaintiffs appealed, challenging the factual sufficiency of several jury findings. The Thirteenth Court of Appeals rejected these points in a memorandum opinion, concluding in a single sentence that the evidence was factually sufficient without stating any reason why. 2003 WL 21283132, (Tex.App.-Corpus Christi 2003) (mem.op.). We agree with

the plaintiffs that they are entitled to more than this, and thus reverse.

Enrique Gonzalez was voluntarily admitted to the psychiatric ward of McAllen Medical Center suffering from Alzheimer's disease. While there, another patient hit him in the face, causing him to fall and break his hip. His family sued the hospital and his treating physician. After a five-week trial, the jury answered all six liability questions in favor of the defendants.

The Gonzalez family appealed, challenging in six points the factual sufficiency of the jury's liability findings, and in a seventh the legal sufficiency of a finding that Gonzalez did not suffer a "serious, permanent, and disabling injury." The court of appeals recited the standard of review for factual sufficiency, and then concluded summarily:

> Considering the record in its entirety, we hold that appellants' factual sufficiency challenge fails because the jury's verdict was not against the great weight of the evidence. We overrule appellants' first six issues.[1]

When the issues in a case are settled, the Texas Rules of Appellate Procedure require courts of appeals to "write a brief memorandum opinion no longer than necessary to advise the parties of the court's decision and the basic reasons for it." TEX. R. APP. P. 47.4. The opinion here does not comply with this rule because, while it advises the plaintiffs of the court's decision, it fails to articulate any reason for it.

A court of appeals must "detail the evidence ... and clearly state why the jury's finding is factually insufficient" when *reversing* a jury verdict, but need not do so when *affirming* a jury verdict. *Compare Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986), *with Ellis County State Bank v. Keever*, 888 S.W.2d 790, 794 (Tex.1994); *see also Citizens Nat'l Bank in Waxahachie v. Scott*, 195 S.W.3d 94 (Tex.2006) (per curiam) (applying same principle to legal sufficiency review). Thus, neither the appellate rules nor this Court require detailed recitations of the evidence when a factual sufficiency complaint is overruled. But merely stating that it *is* overruled does not count as providing the "basic reasons" for that decision.

Rule 47 does not attempt to prescribe the appropriate contents of every memorandum opinion, but a court's discretion in deciding what to include should be guided by the rule's purpose. A memorandum opinion is intended primarily for the parties, who already know the background facts and procedural history. They should also be well aware of the standard of review and applicable law, as memorandum opinions are appropriate only when these are well-settled. *See* TEX. R. APP. P. 47.4. Accordingly, a memorandum opinion generally should focus on the basic reasons why the law applied to the facts leads to the court's decision.

For example, the plaintiffs here assert in their brief that the psychiatric unit was overcrowded and understaffed; the defendants respond that as the only provider in the area, the alternative to admission was turning patients out on the streets. Explaining whether reasonable jurors could

---

1. *Id.* The court of appeals also rejected the plaintiffs' legal sufficiency point in a conclusory manner, stating only the standard of review and the elements of a medical malpractice claim—which would appear to have nothing to do with whether Gonzalez's injury was disabling. The plaintiffs' petition in this Court addresses only their factual sufficiency points.

discredit one or credit the other without ignoring the great weight and preponderance of the evidence should require no more words than the court of appeals expended reciting the standard of review. *Cf. Sims v. State,* 99 S.W.3d 600, 603–04 (Tex.Crim.App.2003) (holding unpublished opinions in criminal cases "must include a discussion of the most important and relevant evidence" asserted in factual sufficiency appeals).

The plaintiffs here are entitled to a written opinion stating why the jury's verdict can or cannot be set aside. This Court has no jurisdiction of such claims, so that opinion must come from the court of appeals. Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and remand for further proceedings in accordance with this opinion. *See* TEX. R. APP. P. 59.1.