# Supreme Court of Texas

No. 20-0174

Industrial Specialists, LLC,

*Petitioner,*

v.

Blanchard Refining Company LLC and Marathon Petroleum
Company LP,

*Respondents*

On Petition for Review from the
Court of Appeals for the First District of Texas

JUSTICE BUSBY, joined by Chief Justice Hecht and Justice Young,
dissenting.

For many years, this Court has demonstrated its commitment to
the efficient administration of justice, transparency, and a substance-
over-form approach to procedure. Regrettably, the plurality and
concurrence sound a retreat on all these fronts today, allowing courts of
appeals to avoid hearing permissive appeals at their pleasure and with
no explanation so long as their standard-form denials recite the

following pass-phrase: "the petition fails to establish each requirement." *See ante* at 15.

The plurality recognizes that this approach thwarts the statute's express goal of advancing the termination of litigation, but it concludes that the Legislature signaled an intent to sabotage its own work by including the word "may" in the statute. That conclusion is wrong: our cases have held in many contexts that "may" alone does not confer unreviewable discretion. And our appellate rules independently require courts of appeals to explain why each requirement was not met. I respectfully dissent.

Section 51.014(d) of the Civil Practice and Remedies Code authorizes an appeal from an interlocutory order that (1) "involves a controlling question of law as to which there is a substantial ground for difference of opinion" when (2) "an immediate appeal . . . may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE § 51.014(d). After obtaining the trial court's written permission to appeal, the appealing party must file "an application for interlocutory appeal" in the court of appeals. *Id.* § 51.014(f). Assuming the application is timely filed, the court of appeals "may accept [the] appeal." *Id.*

A majority of the Court reads into the word "may" a grant of unfettered discretion that empowers a court of appeals to deny a permissive interlocutory appeal for any reason (according to the plurality), or even for no expressed reason at all (according to the concurrence). This decision rests on a misreading of our rules, which require a court of appeals to issue a written opinion that explains—as to

2

"every issue . . . necessary to final disposition of the appeal"—"the court's decision and the basic reasons for it." TEX. R. APP. P. 47.1, 47.4.

The Court's embrace of discretion to shield such a denial from any scrutiny is a straw man. What little the court of appeals did say in its opinion shows that the only issue it decided—whether subsection (d)'s two prerequisites were satisfied—is not an issue committed to the court of appeals' discretion, as the plurality concedes. *Ante* at 8 (explaining that "courts have no discretion" unless "the two requirements *are* satisfied"). And it cannot be disputed that the court of appeals failed to advise the parties of the reasons why it concluded those prerequisites were not met.

Yet even if discretion were implicated here, neither text nor precedent supports insulating that discretion from review; our cases require courts exercising discretion to follow guiding principles and refrain from acting arbitrarily or unreasonably. The only contrary example that the plurality and concurrence identify is our discretion to deny petitions for review. But the rules expressly authorize us to do so with a brief notation rather than an opinion, and as a matter of jurisdiction and court structure we have the last word on state-law procedural matters.

The opposite is true in the intermediate courts of appeals. And in the context of permissive appeals, it is particularly important that their opinions discuss and apply guiding principles for three reasons: (1) to facilitate each panel's reasonable consideration of whether the requirements selected by the Legislature have been met in a particular case; (2) to reveal whether the panel is denying permission to appeal on

3

discretionary or non-discretionary grounds and enable further review when necessary; and (3) to develop the jurisprudence regarding non-arbitrary reasons why permissive appeals should be accepted or denied in order to supply guidance and promote comparable outcomes in future cases.

Finally, the Court casts aside the Legislature's recognized goal of providing for early, efficient appellate resolution of determinative legal issues—which the plurality candidly acknowledges courts of appeals are flouting with their "recurring rejections." *Ante* at 14. In 2019, we cautioned courts of appeals to accept permissive interlocutory appeals when section 51.014(d)'s requirements are satisfied. *See Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 732 (Tex. 2019). But as the parties and amici note, courts of appeals continue to deny the vast majority of permissive appeals—and they do so without giving any explanation of the reasons for their actions. The plurality at least acknowledges in passing our original admonition to the courts of appeals, but there is no reason to think that finger-wagging will have any more effect this time than it did in *Sabre Travel*.

The parties and the trial court in this case were unanimous in concluding that the requirements for a permissive appeal were met and that addressing the merits would promote the efficient resolution of this dispute. Yet the court of appeals disagreed that the requirements were met without even providing them the courtesy of an explanation, and the plurality's effort to imagine what the reason might have been does not withstand scrutiny. To the contrary, the trial court's determination that subsection (d)'s requirements have been met is legally correct.

4

Because the court of appeals' opinion does not comply with our rules, and there are also compelling reasons grounded in the statute and our precedent for requiring the court to advise the parties of its reasons for denying a permissive appeal, I would reverse.

## I. By failing to disclose its basic reasons for deciding that the petition did not meet each requirement for a permissive appeal, the court of appeals violated Appellate Rule 47.

In this Court, all parties contend that the court of appeals erred by failing to hand down an opinion that explained the basic reasons for its decision on each issue necessary to its denial of permission to appeal. A careful examination of our statutes, rules, and precedents demonstrates that they are correct. The plurality's opinion skips some key steps in this inquiry, which must take into account what issues are necessary to dispose of a petition for permission to appeal, as well as what sort of explanation our rules require as to each of those issues.

Here, as the plurality recognizes, the disputed issue necessary to the court of appeals' denial of the petition was whether it established the two predicate requirements for a permissive appeal. *Ante* at 6. The court of appeals provided no explanation whatsoever for its decision that the petition "fails to establish each requirement." 634 S.W.3d 760 (Tex. App.—Houston [1st Dist.] 2019).

### A. There are four issues a court of appeals may encounter in determining whether to accept a section 51.014(d) appeal.

The Legislature has granted our courts of appeals jurisdiction to hear appeals of certain otherwise unappealable interlocutory orders if the trial court's order permits the appeal and the appealing party timely

5

files an application—or, as our rules call it, a petition for permission to appeal—in the court of appeals. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d), (f); TEX. R. APP. P. 28.3; TEX. R. CIV. P. 168. There are at least four types of issues that can be presented to a court of appeals considering whether to accept an appeal permitted by the trial court.

**First**, the parties may dispute whether the trial court followed the requirements for an order granting permission to appeal. The order must decide "a controlling question of law." TEX. CIV. PRAC. & REM. CODE § 51.014(d); *Orion Marine Constr., Inc. v. Cepeda*, No. 01-18-00323-CV, 2018 WL 3059756, at *3 (Tex. App.—Houston [1st Dist.] June 21, 2018, no pet.) (mem. op.) (Bland, J.) ("The courts of appeals are not statutorily authorized to decide controlling questions of law in the first instance.").[1] In addition, the trial court's permission "must be stated in the order to be appealed," and "[t]he permission must identify the controlling question of law . . . and . . . state why an immediate appeal may materially advance the ultimate termination of the litigation." TEX. R. CIV. P. 168. Failure to satisfy these requirements will result in rejection of the appeal.[2] And appellate courts generally decline to

---

[1] *See also, e.g., Garcia v. Garcia*, No. 14-19-00375-CV, 2019 WL 2426680, at *2 (Tex. App.—Houston [14th Dist.] June 11, 2019, no pet.) (per curiam) (mem. op.); *Borowski v. Ayers*, 432 S.W.3d 344, 347 (Tex. App.—Waco 2013, no pet.) (collecting cases); *Bank of N.Y. Mellon v. Guzman*, 390 S.W.3d 593, 597 (Tex. App.—Dallas 2012, no pet.).

[2] *See Patel v. Nations Renovations, LLC*, No. 02-21-00031-CV, 2021 WL 832719, at *1 (Tex. App.—Fort Worth Mar. 4, 2021, no pet.) (per curiam) (mem. op.) (rejecting interlocutory appeal where trial court's order neither identified controlling question of law nor stated why immediate appeal would materially advance litigation's termination); *Cather v. Dean*, No. 05-20-00737-CV, 2020

address issues not specified in the trial court's order. *E.g.*, *BPX Operating Co. v. Strickhausen*, 629 S.W.3d 189, 195 n.4 (Tex. 2021).

**Second**, there may be a question about whether the appellant timely filed a petition for permission to appeal the order. "[N]ot later than the 15th day after the date the trial court signs the order to be appealed," the appealing party must file an "application for interlocutory appeal" in the court of appeals. TEX. CIV. PRAC. & REM. CODE § 51.014(f); *see also* TEX. R. APP. P. 28.3(c) (detailing requirements for "petition" for permission to appeal), 28.3(d) (providing for extension of time to file petition). When the appealing party fails to do so, courts of appeals have concluded that they lack jurisdiction over the appeal entirely. *E.g.*, *Progressive Cnty. Mut. Ins. Co. v. McCormack*, No. 04-21-00001-CV, 2021 WL 186675, at *2 (Tex. App.—San Antonio Jan. 20, 2021, pet. denied) (per curiam) (mem. op.).

**Third**, there are two minimum requirements that must be met before the court of appeals may accept an appeal permitted by the trial court, and there may be a dispute about whether one or both of those prerequisites are satisfied. Section 51.014(f) provides that the court of appeals "may accept" the appeal "*if* the appealing party . . . files . . . an application for interlocutory appeal explaining why an appeal is warranted under [section 51.014(d)]." TEX. CIV. PRAC. & REM. CODE § 51.014(f) (emphasis added). As discussed above, the two requirements of subsection (d)—echoed in Rule of Appellate Procedure 28.3(e)(4)—are that (1) the trial court's order involves a controlling question of law as

WL 5554924, at *1 (Tex. App.—Dallas Sept. 17, 2020, no pet.) (mem. op.) (rejecting interlocutory appeal due to order's lack of "statement of permission").

7

to which there is a substantial ground for difference of opinion, and (2) an immediate appeal from that order may materially advance the ultimate termination of the litigation.[3]

Because courts of appeals may accept a permissive interlocutory appeal only "if" section 51.014(d)'s requirements are met, *see id.*, I agree with the plurality that courts of appeals "have no discretion to permit or accept an appeal" when section 51.014(d)'s "requirements are not satisfied." *Ante* at 8. Indeed, there is no reason for us to review the court of appeals' views regarding those requirements deferentially as an exercise of discretion; we are in an equally good position to determine whether there are substantial grounds for a difference of legal opinion and whether immediate review would materially speed the resolution of the litigation. *E.g.*, TEX. R. APP. P. 56.1(a)(1)–(2) (listing factors this Court may consider in granting review, including disagreement on important legal points); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding) (considering whether mandamus review would "spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings").

**Fourth**, if section 51.014(d)'s requirements are met, the court of appeals can decide whether it wishes to exercise its discretion to accept

---

[3] Subsection (e)(4) tracks section 51.014(d)'s language and requires that the petition "argue clearly and concisely why the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion and how an immediate appeal from the order may materially advance the ultimate termination of the litigation." TEX. R. APP. P. 28.3(e)(4).

the appeal.  Beyond providing that the court of appeals "may accept an appeal permitted by [section 51.014(d)]," TEX. CIV. PRAC. & REM. CODE § 51.014(f), the statute offers little guidance to courts regarding which appeals to accept.

The plurality and I agree that this fourth issue is the only one involving an exercise of discretion.  *Ante* at 8 ("[I]f the two requirements [of subsection (d)] *are* satisfied, the statute then grants courts . . . discretion to accept or permit the appeal.").  I also agree with the plurality that nothing in the statute or our rules requires a court to accept the appeal when section 51.014(d)'s requirements are met.  *See id.*  In such situations, we have said, "[t]he principles that are to guide [the] court's discretionary decision are determined by the purposes of the rule at issue." *Samlowski v. Wooten*, 332 S.W.3d 404, 414 (Tex. 2011) (Guzman, J., concurring); *see id.* at 410 (plurality op.); *Womack v. Berry*, 291 S.W.2d 677, 683 (Tex. 1956) (orig. proceeding).  Unfortunately, the courts of appeals are not exploring those principles in their opinions.

The failure to distinguish among these four issues has led to some confusion and contradiction in court of appeals decisions.  There are several opinions in which courts of appeals have both dismissed a permissive interlocutory appeal for want of jurisdiction—purportedly because section 51.014(d)'s requirements are not satisfied—and denied the petition for permission to appeal, seemingly exercising discretion they believed themselves without jurisdiction to exercise.[4]

---

[4] *See, e.g.*, *JAJ Equip., Inc. v. Ramos*, No. 04-21-00459-CV, 2021 WL 6127925, at *4 (Tex. App.—San Antonio Dec. 29, 2021, no pet.) (per curiam) (mem. op.); *Corley v. Corley*, No. 04-21-00181-CV, 2021 WL 2669343, at *1 (Tex.

9

**B.      The court failed to give reasons for its decision on every issue necessary to the final disposition of the appeal.**

Understanding the issues at play helps to inform how a court of appeals must address those issues under the Rules of Appellate Procedure that govern their opinions. "[C]ourt[s] of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1.   The requirement that Texas appellate courts explain the reasons for their decisions stretches back more than a century,[5] and its obvious and salutary purposes include promoting respect for court decisions and confidence in the rule of law, enhancing the transparency we strive to achieve in our legal system, and upholding parties' reasonable expectations that their arguments will be fairly heard and

App.—San Antonio June 30, 2021, pet. denied) (per curiam) (mem. op.); *ConocoPhillips Co. v. Camino Agave, Inc.*, No. 04-20-00282-CV, 2020 WL 4929794, at *1 (Tex. App.—San Antonio July 29, 2020, pet. denied) (per curiam) (mem. op.); *Thompson v. Landry*, No. 01-19-00203-CV, 2019 WL 1811087, at *1 (Tex. App.—Houston [1st Dist.] Apr. 25, 2019, no pet.) (per curiam) (mem. op.); *Rubicon Representation, LLC v. Johnson*, No. 05-18-00798-CV, 2018 WL 3853475, at *1 (Tex. App.—Dallas Aug. 14, 2018, no pet.) (mem. op.); *Total Highway Maint., LLC v. Sixtos*, No. 05-17-00102-CV, 2017 WL 1020663, at *1 (Tex. App.—Dallas Mar. 16, 2017, no pet.) (mem. op.).   Some courts have properly dismissed a permissive appeal for lack of jurisdiction without addressing the petition. *See Hudnall v. Smith & Ramirez Restoration, L.L.C.*, No. 08-19-00217-CV, 2019 WL 4668508, at *2 (Tex. App.—El Paso Sept. 25, 2019, no pet.) (mem. op.).

[5] *See* Act of March 30, 1905, 29th Leg., R.S., ch. 51, § 1, 1905 Tex. Gen. Laws 71 (requiring courts of appeals "to decide all issues presented to them . . . and announce in writing their conclusions so found").   This statute was repealed when the Legislature gave this Court full power to make rules of procedure. *See* Act of May 12, 1939, 46th Leg., R.S., ch. 25, § 1, 1939 Tex. Gen. Laws 201.

10

reasonably considered.  *E.g.*, *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 213 (Tex. 2009) (orig. proceeding).  There are circumstances in which Rule 47.1 does not apply, *see* TEX. R. APP. P. 52.8(d), but those are not present here.

When "the issues are settled," our rules provide that courts of appeals "should write a brief memorandum opinion no longer than necessary to advise the parties of the court's decision and the basic reasons for it." TEX. R. APP. P. 47.4.  But the memorandum-opinion rule does not excuse the court from addressing every issue necessary to the final disposition, as Rule 47.1 requires.  *See West v. Robinson*, 180 S.W.3d 575, 576–77 (Tex. 2005) (per curiam) (reviewing memorandum opinion and reversing because court of appeals failed to address every issue in violation of Rule 47.1).  Thus, as to each issue necessary to the court's disposition denying a petition for permission to appeal, the court must "advise the parties of the court's decision" on that issue "and the basic reasons for it." TEX. R. APP. P. 47.4.

As the cases cited throughout this opinion show, courts of appeals uniformly issue memorandum opinions when they dispose of "[a]n appeal under Subsection (d)"[6] of section 51.014 by denying the petition. I join the plurality in concluding that Rule 47 applies to these opinions denying permissive appeals.  But I disagree with the plurality's conclusion that the court of appeals' opinion here complies with the rule. *Ante* at 14–15.  The plurality paints an incomplete picture of what Rule

---

[6] TEX. CIV. PRAC. & REM. CODE § 51.014(e).

11

47 requires, and it loses sight of the particular issue that was the basis of the court of appeals' disposition.

Though our memorandum-opinion rule demands brevity, a court of appeals cannot "fail[] to give any reason whatsoever for its conclusion." *Citizens Nat'l Bank in Waxahachie v. Scott*, 195 S.W.3d 94, 96 (Tex. 2006) (per curiam). "[A] memorandum opinion generally should focus on the basic reasons why the law applied to the facts leads to the court's decision." *Gonzalez v. McAllen Med. Ctr., Inc.*, 195 S.W.3d 680, 681 (Tex. 2006) (per curiam). Even when a court of appeals affirms a jury verdict in the face of a factual-sufficiency challenge, "merely stating that [the challenge] *is* overruled does not count as providing the 'basic reasons' for that decision." *Id.*

The court of appeals' three-sentence memorandum opinion in this case does not satisfy these requirements. The opinion identifies the parties and the order that the trial court granted permission to appeal, recites the two requirements "[t]o be entitled to a permissive appeal" set out in section 51.014(d) and repeated in Rule of Appellate Procedure 28.3(e)(4), and includes a single sentence stating its analysis and ruling: "Because we conclude that the petition fails to establish each requirement of Rule 28.3(3)(e)(4) [sic], we deny the petition for permissive appeal." 634 S.W.3d at 760.

The issue the court of appeals identified as necessary to its disposition was the third type of issue discussed above: whether "the petition fail[ed] to establish each requirement" of section 51.014(d) and "Rule 28.3[](e)(4)." *Id.* The plurality agrees. *Ante* at 15. But as to that issue, the court of appeals merely stated its conclusion that the

12

requirements were not established; it did not offer any reason whatsoever for its decision that the petition failed to do so. *But see Gonzalez*, 195 S.W.3d at 681; *Citizens Nat'l Bank*, 195 S.W.3d at 96.

The plurality attempts to support its departure from the rule and our precedent by misstating my position, suggesting that I would require the court of appeals to engage with each of the parties' arguments underlying a particular disputed issue. *Ante* at 15–16. Not at all. I would simply require the court of appeals to do what Rule 47 plainly says it must: fairly consider and provide the basic reasons for its decision as to "*every issue* raised [by the parties] and necessary to final disposition of the appeal"[7]—in particular, the issue whether the requirements of section 51.014(d) were met here. Nowhere does the plurality explain why those requirements should not be considered a distinct issue for Rule 47 purposes on which a reasoned decision was needed. The plurality's view that the court need only identify a basis for its bottom-line "decision" or "disposition" of the entire appeal[8]—whether to deny, affirm, or reverse—is flatly contrary to our decisions in *West*, *Gonzalez*, and *Citizens National Bank*, cited above.[9]

---

[7] TEX. R. APP. P. 47.1 (emphasis added).

[8] *Ante* at 15.

[9] Specifically, the court of appeals in *West* reversed the trial court's judgment confirming an arbitration award, giving as the reason for its disposition that the arbitrator had exceeded his authority. No. 11-03-00028-CV, 2004 WL 178586, at *3 (Tex. App.—Eastland Jan. 30, 2004) (mem. op.). We held that the court's memorandum opinion "did not comply with Rule 47.1" because it did not address "modification and waiver as *distinct issues associated with the relief* the parties requested." 180 S.W.3d at 576 (emphasis added). In *Gonzalez*, the court of appeals affirmed the trial court's judgment,

13

The concurrence, for its part, concludes that Rule 47 is inapplicable because an application for interlocutory appeal is not an actual "appeal" until it is accepted. *Ante* at 4 n.2 (Blacklock, J., concurring). That conclusion is not consistent with the text of section 51.014. For example, subsection (f) refers to "an appeal permitted by Subsection (d)"—that is, "an appeal" permitted "by written order" of "a trial court"—as "*the* appeal" that "[a]n appellate court may accept." TEX. CIV. PRAC. & REM. CODE § 51.014(d), (f) (emphasis added); *see also id.* § 51.014(e) (referring to "[a]n appeal under Subsection (d)").

Industrial Specialists provided the court of appeals ample support for its position that the requirements of subsection (d) were met here, explaining that each side's competing interpretation of the indemnity provision was supported by authority and that determining its proper interpretation would speed resolution of the case. Courts of appeals

---

explaining that the decision was based on its conclusion "that appellants' factual sufficiency challenge fails because the jury's verdict was not against the great weight of the evidence." No. 13-00-296-CV, 2003 WL 21283132, at *2 (Tex. App.—Corpus Christi–Edinburg June 5, 2003) (mem. op.). We concluded this memorandum opinion "does not count as providing the 'basic reasons'" for the court's holding on the issue of "*why* the jury's verdict can or cannot be set aside." 195 S.W.3d at 681, 682 (emphasis added). And in *Citizens National Bank*, the court of appeals reversed the trial court's judgment on a note, giving as the reason for its disposition that "the evidence conclusively establishes, as a matter of law, all vital facts to support a finding of payment." No. 10-03-00322-CV, 2005 WL 762585, at *2 (Tex. App.—Waco Mar. 30, 2005) (mem. op.). We held that the court's memorandum opinion "fail[ed] to give *any reason whatsoever for its conclusion* that the evidence established a finding of nonpayment." 195 S.W.3d at 96 (emphasis added).

Here, the court of appeals identified section 51.014(d)'s requirements as the distinct issue that formed the basis of its decision to deny the petition. But it likewise failed to give any reason for its conclusion on that issue.

have taken different approaches to the merits issue presented by the permissive appeal, which we agreed to review.[10]  Notably, Marathon did not oppose Industrial Specialists' motion for permission to appeal the denial of its motion for summary judgment.  Nor did Marathon file a response to or otherwise challenge Industrial Specialists' petition for permission to appeal.  *See* TEX. R. APP. P. 28.3(f).

Faced with these substantial reasons why the two requirements for a permissive appeal were met, our rules required the court of appeals to explain the basic reasons for its contrary conclusion on this issue. This requirement "is mandatory, and the courts of appeals are not at liberty to disregard it." *West*, 180 S.W.3d at 577.  Because the court of appeals did so here, our rules and precedents require that we remand to give the court of appeals another opportunity to provide the explanation to which the parties are entitled.  *Id.*; *see also Gonzalez*, 195 S.W.3d at 681; *Citizens Nat'l Bank*, 195 S.W.3d at 96.  We should reverse and remand on this basis alone.[11]

---

[10] *Compare Transcon. Gas Pipeline Corp. v. Texaco, Inc.*, 35 S.W.3d 658, 669 & n.7 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (determining express-negligence test's applicability by looking to whether claims for which indemnity is sought are for indemnitee's negligence), *with Helicopter Textron, Inc. v. Hous. Helicopters, Inc.*, No. 2-09-316-CV, 2010 WL 3928741, at *3 (Tex. App.—Fort Worth Oct. 7, 2010, pet. denied) (mem. op.) (determining whether express-negligence test applies by looking to whether contract at issue indemnifies indemnitee for its own negligence).

[11] The plurality expresses a sense of "iron[y]" regarding why I do not advocate that we decide this appeal on the merits ourselves.  *Ante* at 10 n.8. One reason is that it would take five votes to render such a decision, and neither the plurality nor the concurrence say that they favor doing so.  Another reason is that it would be more efficient in the long run for courts of appeals to

**II.    Though section 51.014(f) gives courts of appeals discretion whether to accept interlocutory appeals that meet the requirements, it does not permit them to act arbitrarily.**

Our rules of procedure are not the only reason for requiring courts of appeals to explain their reasons on all issues necessary to the denial of a permissive appeal.  Such a requirement is also necessary to ensure that the courts are properly exercising their discretion rather than arbitrarily flouting the clear intent of the Legislature in authorizing such appeals.

Together, the plurality and concurrence form a majority for the holding that courts of appeals have unfettered discretion to grant or deny permissive appeals that meet the criteria set out in the statute and rules.[12]  Both the plurality and concurrence place abundant emphasis on section 51.014(f)'s use of the word "may," concluding that we "cannot interpose a firm limit on the court of appeals' discretion . . . when the statute itself grants the court discretion and imposes no such limit." *Ante* at 9 (plurality op.) (citing TEX. CIV. PRAC. & REM. CODE § 51.014(f)); *see also ante* at 4 (Blacklock, J., concurring) (characterizing the court's decision as "entirely discretionary").  This emphasis is misplaced because the court of appeals was not exercising discretion here.  Rather, as explained in Part I.B., the court decided that the requirements for a permissive appeal were not satisfied.  And as the plurality agrees,

---

do their job and decide permissive appeals like this one in the first instance. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 519 (Tex. 2015).

[12] *Ante* at 8 (plurality op.); *id.* at 5 (Blacklock, J., concurring).

16

"courts have no discretion to permit or accept an appeal if the two requirements are not met." *Ante* at 8.

Yet even if the court of appeals were exercising discretion, our cases have held time and again that "may" alone does not confer unreviewable discretion, and they support requiring the court to explain the reasons for its exercise. "While the permissive word 'may' imports the exercise of discretion, 'the court is not vested with unlimited discretion.'" *Iliff v. Iliff*, 339 S.W.3d 74, 81 (Tex. 2011) (quoting *Womack*, 291 S.W.2d at 683); *see also, e.g.*, *Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008) (observing that "abuse-of-discretion review" is not "the same as no review at all"); *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 683 (Tex. 2007) (orig. proceeding) (Willett, J., concurring) ("Permissive does not mean limitless, and while appellate courts should not second-guess trial court rulings cavalierly, the word 'may' does not render such rulings bulletproof and unreviewable.").[13]

---

[13] To the extent the plurality and concurrence rely on descriptions of federal courts' discretion to grant permissive appeals as "unfettered," *cf. Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1709 (2017), the federal permissive appeal statute is different in that it contains an express reference to discretion. *See* 28 U.S.C. § 1292(b) (providing that court of appeals "may . . . , in its discretion, permit an appeal"). And even with this express discretion, federal appellate courts have issued many more substantive opinions on permissive appeals than their Texas counterparts, developing a body of law that provides useful guidance to bench and bar regarding the exercise of that discretion. *See, e.g.*, *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131–32 (9th Cir. 2022); *Nice v. L-3 Commc'ns Vertex Aerospace, LLC*, 885 F.3d 1308, 1312–13 (11th Cir. 2018); *Union County v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646–47 (8th Cir. 2008); *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005); *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675–77 (7th Cir. 2000) (Posner, C.J.).

As we have frequently explained, a court's discretionary decisions must not be "arbitrary" or "unreasonable" and must "adhere to guiding principles." *Pirelli Tire*, 247 S.W.3d at 676. Courts are "required to exercise a sound and legal discretion within limits created by the circumstances of the particular case" and "the purpose of the rule" at issue. *Womack*, 291 S.W.2d at 683; *see also Samlowski*, 332 S.W.3d at 410 (plurality op.), 414 (Guzman, J., concurring). Accordingly, we have imposed limits on courts' discretion and required them to explain their reasons even when the source of their authority is silent regarding that discretion's bounds. *E.g.*, *Columbia Med. Ctr.*, 290 S.W.3d at 212–13 (requiring trial court that sets aside jury verdict to explain its reasoning because trial judge cannot "substitute his or her own views for that of the jury without a valid basis"); *Gonzalez*, 195 S.W.3d at 681 (observing that under Rule 47.4, appellate court cannot overrule factual sufficiency challenge to jury verdict without explaining why); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) ("[C]ourts of appeals, when reversing on insufficiency grounds, should, in their opinions, . . . clearly state why the jury's finding is factually insufficient . . . ."). It is particularly appropriate to require an explanation from an intermediate appellate court—which, after all, is in the business of explaining its decisions.

The plurality asserts that *Columbia Medical Center*, *Gonzalez*, and *Pool* are "distinguishable because they aimed to protect the sanctity of the constitutional right to jury trial." *Ante* at 17. Yet interestingly, many of the reasons the plurality gives for its decision today mirror

18

those in the *Columbia Medical Center* dissent. *See* 290 S.W.3d at 216 (O'Neill, J., dissenting).

Moreover, the plurality is simply wrong that section 51.014 "grants courts vast—indeed, unfettered—discretion." *Ante* at 8. There are many other instances in which we have concluded that a "grant[] of authority couched in permissive terms" does not exempt a court from "adher[ing] to guiding principles" or authorize it to act arbitrarily or unreasonably. *Pirelli Tire*, 247 S.W.3d at 676 (plurality op.). Former section 71.051(a) of the Civil Practice and Remedies Code gave courts discretion to dismiss an action based on forum non conveniens, but we rejected the contention that this discretion was "virtually unlimited." *Id.* at 675. Although trial courts have "broad discretion" in determining whether to dismiss a case on grounds of forum non conveniens, their decision—"as with other discretionary decisions"—is still "subject to review for clear abuse of discretion." *Id.* at 676; *see id.* at 682–83 (Willett, J., concurring) ("'[M]ay' simply confirms that the district court's decision is a matter of discretion, subject to review for abuse of that discretion, or, when the case is before us on mandamus, a *clear* abuse of discretion.").

Similarly, former Rule of Civil Procedure 215a(c) provided that a trial court "may" strike an answer in certain circumstances. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). But we held the court's decision was reviewable for abuse of discretion—that is, for whether the trial court's act was "arbitrary or unreasonable" or taken "without reference to any guiding rules and principles." *Id.* at 241–42; *see Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 138 (2005) ("[A] motion

19

to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles." (quoting *United States v. Burr*, 25 F. Cas. 30, 35 (No. 14,692d) (CC Va. 1807) (Marshall, C.J.))).[14]

In addition, our procedural rules provide that a court "*may* order a separate trial" of a claim or issue. TEX. R. CIV. P. 174(b) (emphasis added). But we have held that its discretion to do so is "not unlimited." *In re Ethyl Corp.*, 975 S.W.2d 606, 610 (Tex. 1998) (orig. proceeding). Courts also have "broad discretion" to consolidate cases. *Pirelli Tire*, 247 S.W.3d at 676 (citing TEX. R. CIV. P. 174(a)). Yet they can abuse that discretion by failing to consider specific factors. *See In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (per curiam) (orig. proceeding) (granting mandamus relief from trial court's consolidation order in mass tort case). We also afford courts discretion to exclude relevant evidence when its prejudicial effect outweighs its probative value, *see* TEX. R. EVID. 403, but this discretion is "not boundless." *Coastal Oil & Gas Corp. v. Garza Energy Tr.*, 268 S.W.3d 1, 25–26 (Tex. 2008).[15]

---

[14] *See also Alexander v. Smith*, 49 S.W. 916 (Tex. App.—San Antonio 1899, no writ) ("The judicial discretion is not an arbitrary right to do whatever an individual judge's whim, caprice, or passion may suggest, for what is not reasonable, or not in accordance with common justice, no judge has a right to do.").

[15] *See also, e.g.*, *McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995) (holding trial court's failure to apply correct law in dismissing juror as disabled was abuse of discretion); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding) (holding court's "clear failure . . . to analyze or apply the law correctly will constitute an abuse of discretion").

The plurality chides us for looking beyond the supposedly plain meaning of the word "may" to discern the limits of the discretion it confers, which the plurality characterizes as an attempt to "rewrite [the] statute" or "revis[e] our rules . . . by judicial fiat." *Ante* at 9, 18. Yet it is our typical practice to consider context—not merely dictionaries—when the Legislature chooses to employ a word with a legal meaning that we have previously expounded in similar situations. *E.g.*, TEX. GOV'T CODE § 311.011(b); *Amazon.com, Inc. v. McMillan*, 625 S.W.3d 101, 106–07 (Tex. 2021); *Phillips v. Bramlett*, 407 S.W.3d 229, 241 (Tex. 2013) ("We therefore must conclude that the Legislature selected the term 'judgment' for the purpose of conveying a meaning consistent with that which we historically afforded to it."). And that is precisely what we did in the cases just discussed, which hold that "may" alone does not confer discretion to act arbitrarily, unreasonably, or without reference to guiding principles and that an explanation may be necessary to ensure that courts are not doing so. It is unclear what is different about today's case.

The only example the plurality and concurrence give in which the word "may" confers unreviewable discretion is this Court's discretion to deny petitions for review without explanation. *See* TEX. R. APP. P. 56.1. But the word "may" *alone* does not produce that result. Rather, our rules expressly authorize us to "deny or dismiss the petition . . . with one of the following notations"—"Denied." or "Dismissed w.o.j."—rather than with an explanatory opinion. TEX. R. APP. P. 56.1(b). And a matter of jurisdiction and court structure, we have the last word on state-law procedural matters, which are not subject to review by the Supreme

21

Court of the United States. *See* 28 U.S.C. § 1257(a). On both counts, the opposite is true of our intermediate courts of appeals. *See* TEX. R. APP. P. 47 (requiring reasoned opinions); *ante* at 18 & n.15 (addressing our jurisdiction to review permissive appeal after court of appeals has declined to accept it).

Consistent with the authorities just discussed, requiring courts of appeals to explain their rulings on petitions for permission to appeal would ensure that the panel has not acted arbitrarily but has meaningfully and reasonably discharged its "duty to consider" the particular issues raised by the petition—a duty the plurality half-heartedly acknowledges. *Ante* at 9.[16] As discussed in Part I.A. above, many of those issues do not involve any exercise of discretion. An explanation by the court of appeals would also facilitate our review of the court's rulings on the issues in play when necessary. *See, e.g.*, *In re RSR Corp.*, 475 S.W.3d 775, 779 (Tex. 2015) (orig. proceeding) (holding trial court abused discretion because order on attorney disqualification reflected it did not consider relevant factors). And an explanation is particularly called for in this case, where the court of appeals "based [its decision] on other reasons not even urged by . . . and still unknown to both parties. [They] should be told why" the court concluded the requirements were not met. *Columbia Med. Ctr.*, 290 S.W.3d at 213.

Requiring courts of appeals to explain their permissive appeal rulings would also develop Texas jurisprudence regarding why such

---

[16] *Cf. Ahrenholz*, 219 F.3d at 677 (Posner, C.J.) (emphasizing "the duty of the district court and of [the Seventh Circuit] as well to allow an immediate appeal to be taken when [the federal permissive appeal statute's] criteria are met").

22

appeals should be accepted or denied, providing guidance for future courts and fostering comparable outcomes in similar cases. "Discretion is not whim, and limiting discretion according to legal standards helps promote the basic principle of justice that like cases should be decided alike." *Martin*, 546 U.S. at 139 (citing Henry J. Friendly, *Indiscretion About Discretion*, 31 EMORY L.J. 747, 758 (1982)).

As it currently stands, Texas precedent on accepting a permitted appeal is quite sparse. *See, e.g.*, *Gulf Coast Asphalt Co. v. Lloyd*, 457 S.W.3d 539, 544 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (noting that "[t]here has been little development in the case law construing section 51.014 regarding just what constitutes a controlling legal issue"). Indeed, some courts issue opinions even shorter than the one issued by the court of appeals here, stating simply that "[a]fter considering" the parties' filings, "we deny the petition and dismiss the appeal for want of jurisdiction."[17]

The plurality believes that these opinions fall short of Rule 47's requirements because they "fail to state the 'basic reasons' for their

---

[17] *Danylyk v. City of Euless*, No. 05-21-01074-CV, 2022 WL 818964, at *1 (Tex. App.—Dallas Mar. 18, 2022, no pet.) (mem. op.); *see also BioTE Med., LLC v. Carrozzella*, No. 02-21-00272-CV, 2021 WL 4205000, at *1 (Tex. App.—Fort Worth Sept. 16, 2021, no pet.) (per curiam) (mem. op.); *BPX Operating Co. v. 1776 Energy Partners, LLC*, No. 04-21-00054-CV, 2021 WL 1894830, at *1 (Tex. App.—San Antonio May 12, 2021, no pet.) (per curiam) (mem. op.); *Nationstar Mortg. LLC v. Earley*, No. 13-19-00618-CV, 2020 WL 241956, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 16, 2020, no pet.) (mem. op.); *LeBlanc v. Veazie*, No. 09-18-00470-CV, 2019 WL 150947, at *1 (Tex. App.—Beaumont Jan. 10, 2019, no pet.) (mem. op.); *Thompson*, 2018 WL 6540152, at *1; *Morgan Stanley & Co. v. Fed. Deposit Ins. Corp.*, No. 14-14-00849-CV, 2014 WL 6679611, at *1 (Tex. App.—Houston [14th Dist.] Nov. 25, 2014, no pet.) (per curiam) (mem. op.).

decision." *Ante* at 15 n.13. But it says adding the boilerplate conclusion that "the petition fails to establish each requirement of Rule 28.3(3)(e)(4) [sic]," 634 S.W.3d at 760, is enough to comply with the rule. *Ante* at 15–16. I fail to see the sense in the line the plurality draws. It certainly cannot be tied to the language of Rule 47, which as explained in Part I.B. above requires the court to give its reasons as to "every issue" necessary to its decision—here, the issue whether each requirement for a permissive appeal has been met.

The plurality eventually acknowledges that it might be arbitrary and unreasonable for a court of appeals to "refuse a permissive appeal without considering whether the two requirements [of section 51.014(d)] are satisfied." *Ante* at 9. Why the plurality harbors any doubt on this point is hard to fathom. It is obvious to me, though apparently not to our concurring colleagues, that a court of appeals would abuse its discretion if it denied a permissive appeal because a flipped coin came up tails or the panel members wanted to take a vacation. But how will anyone know whether a court of appeals acted without properly considering the statute's requirements unless the court is required to say why it decided the issue as it did? The plurality offers no answer. Its acknowledgment that a court of appeals might act arbitrarily or unreasonably thus has no real meaning, and the true message its opinion sends to those courts is clear: say as little as possible in denying permission to appeal.

That approach undermines in fact—and tarnishes in appearance—the "just and deliberate judicial system" the plurality claims to prefer. *Ante* at 19. Absent a requirement that the court of

24

appeals share its reasons, there will continue to be no predictability regarding which cases should be heard on permissive interlocutory appeal. Courts of appeals have developed some conflicting understandings of section 51.014(d)'s requirements. *Compare Patel v. Patel*, No. 05-16-00575-CV, 2016 WL 3946932, at \*2 (Tex. App.—Dallas July 19, 2016, no pet.) (mem. op.) (concluding "substantial ground for difference of opinion" prong is not satisfied where disagreement is between parties), *with Austin Com., L.P. v. Tex. Tech Univ.*, No. 07-15-00296-CV, 2015 WL 4776521, at \*2 (Tex. App.—Amarillo Aug. 11, 2015, no pet.) (per curiam) (suggesting that "substantial ground for difference of opinion" prong can be satisfied by disagreement between parties). That is unlikely to change under our decision today, which both incentivizes courts of appeals not to issue reasoned opinions and fully insulates those opinions from any scrutiny.

Indeed, even the requirement to include the now-approved boilerplate sentence seems rather pointless. According to the plurality, even if the court of appeals concludes that the requirements are perfectly met, it may freely reject the appeal without further discussion. Nor does anything change if the court of appeals is *wrong*—objectively wrong, as-a-matter-of-law wrong—in its recitation that the requirements are not met. If such an error arises, the plurality contends, this Court is powerless to take the modest step of sending the case back so that, shorn of its error, the court of appeals could reconsider.

But for all we know, the court of appeals may have desperately *wanted* to take the appeal, yet believed itself to be without discretion—

25

or even without jurisdiction—to do so because it genuinely thought that one of the statutory requirements was unmet.[18]  As I discuss below, the court of appeals' assessment of the requirements in this case was legally wrong.  That conclusion would be good news to an appellate court that stayed its hand only because it believed itself to lack jurisdiction to proceed.  Under our normal practice, we could correct that error and then remand so that the court of appeals could accept the appeal after all.  Or even if the court did not particularly want to decide the appeal, correcting its legal error would at least allow it to provide a non-erroneous ground for denying permission.  *Ante* at 8.

Yet the plurality's new doctrine of "discretion" would deem Rule 47 satisfied even if a court of appeals were to say the following:

> We have considered the timely application for an interlocutory appeal.  We conclude that the trial court's order, which it granted permission to appeal, decided a controlling question of law.  We agree that there is a substantial ground for difference of opinion about that question.  We also agree that an immediate appeal may materially advance the ultimate termination of the litigation. We nonetheless dismiss the application for want of jurisdiction.  *See* TEX. R. APP. P. 28.3(e)(4).

Under the plurality's approach, a self-contradictory opinion like this one must be upheld because it includes what the plurality requires: a statement that the court of appeals has *considered* the statutory factors. If such a gibberish opinion *could* be reversed, it would only be because

---

[18] I do not take a position here on whether a court of appeals would lack jurisdiction or simply lack discretion to accept an appeal in a case where the statutory requirements are not met.  As noted above, courts of appeals have taken both approaches.

there must in fact be some limit to the court of appeals' discretion, which would doom the plurality's whole theory. Of course there *is* such a limit. Just a few weeks ago we reiterated the (until today, at least) unquestioned principle that "[a] court clearly abuses its discretion when it makes an error of law." *In re Abbott*, —S.W.3d—, 67 Tex. Sup. Ct. J. 1071, 1074 (Tex. 2022). Only time will tell whether the plurality's error today will tear down any more of that previously venerable principle.[19]

I doubt, of course, that any court of appeals will be quite as blatant as this hypothetical opinion, although some of them have come close. My point is only that the plurality's approach deems any error of law or any act of caprice—blatant or otherwise—to *not* be an abuse of discretion. That approach transforms judicial discretion into judicial fiat.

Another reason we should require courts of appeals to explain their permissive appeal rulings is that doing so furthers "the purpose of the [statute]," which we consider in shaping the principles that should guide the courts' discretion. *Womack*, 291 S.W.2d at 683; *see also Samlowski*, 332 S.W.3d at 410 (plurality op.), 414 (Guzman, J., concurring). The permissive appeal statute is expressly designed to "materially advance the ultimate termination of . . . litigation." TEX. CIV. PRAC. & REM. CODE § 51.014(d)(2). Thus, in *Sabre Travel*, we explained that the Legislature's evident purpose in enacting section 51.014(d) and (f) was to promote "early, efficient resolution of

---

[19] The plurality even says that "the abuse-of-discretion standard does not permit us to second-guess the court [of appeals]' judgment" on the purely legal question whether the statute's requirements have been satisfied. *Ante* at 12.

27

controlling, uncertain issues of law that are important to the outcome of the litigation," 567 S.W.3d at 732, thereby "mak[ing] the civil justice system more accessible, more efficient, and less costly to all Texans while reducing the overall costs of the civil justice system to all taxpayers." *Id.* (quoting Senate Comm. on State Affs., Engrossed Bill Analysis, Tex. H.B. 274, 82d Leg., R.S. (2011)).

Yet many courts of appeals continue to deny the vast majority of permissive appeals despite our exhortations in *Sabre Travel*.[20] In doing so, these courts thwart the Legislature's intent in enacting the statute. *See Devillier v. Leonards*, No. 01-20-00224-CV, 2020 WL 7869217, at *3 (Tex. App.—Houston [1st Dist.] Dec. 31, 2020, no pet.) (Keyes, J., dissenting) (arguing that panel abused discretion by denying rehearing of petitions for permission to appeal); *Sealy Emergency Room, LLC v.*

---

[20] As the plurality notes, since *Sabre Travel*, the First Court of Appeals has been denying permission to appeal using a recycled order. *Ante* at 13 & n.9. And the Fifth Court of Appeals has also been issuing recurring denials using what appears to be a recycled form opinion even shorter than that used by the First Court. In some opinions, it cites to section 51.014(f). *See, e.g.*, *Danylyk*, 2022 WL 818964, at *1; *Cae Simuflite, Inc. v. Talavera*, No. 05-21-01022-CV, 2022 WL 202987, at *1 (Tex. App.—Dallas Jan. 24, 2022, pet. filed) (mem. op.); *Novo Point, LLC v. Katz*, No. 05-21-00395-CV, 2021 WL 5027761, at *1 (Tex. App.—Dallas Oct. 29, 2021, no pet.) (mem. op.); *Scott & White Health Plan v. Lowe*, No. 05-20-00049-CV, 2020 WL 4592790, at *1 (Tex. App.—Dallas Aug. 11, 2020, no pet.) (mem. op.); *Heron v. Gen. Supply & Servs., Inc.*, No. 05-20-00491-CV, 2020 WL 2611260, at *1 (Tex. App.—Dallas May 22, 2020, no pet.) (mem. op.); *Driver Pipeline Co. v. Nino*, No. 05-19-01409-CV, 2020 WL 1042648, at *1 (Tex. App.—Dallas Mar. 3, 2020, pet. denied) (mem. op.). In others, the court uses the same basic language but cites to subsection (d). *See, e.g.*, *Snowden v. Ravkind*, No. 05-20-00188-CV, 2020 WL 3445812, at *1 (Tex. App.—Dallas June 24, 2020, no pet.) (mem. op.). Regardless of the statutory provision cited, each opinion both denies the petition for permission to appeal and—confusingly—dismisses the appeal for want of jurisdiction.

*Leschper*, No. 01-19-00923-CV, 2020 WL 536013, at *1 (Tex. App.—Houston [1st Dist.] Feb. 4, 2020, pet. denied) (per curiam) (mem. op.).

It is unclear what good the plurality thinks quoting those exhortations will do. Given the plurality's "prefer[ence]" for a "deliberate judicial system" over an "efficient one," and its dim view of the "impatience with time-tested methods of . . . measured adjudication" that the parties and the trial court supposedly displayed by invoking this legislatively created appellate remedy, *ante* at 19, 11, perhaps it is not meant to do any good at all. If nothing else, perhaps today's opinion and the courts of appeals' continued course of thwarting the Legislature's intent will cause the Legislature to reconsider its 2011 decision to restore discretion to the courts of appeals to decline permissive appeals—discretion that the Legislature had previously eliminated in 2005.[21]

Finally, the Court's other justification for refusing to intervene—that the order being appealed is a denial of summary judgment—is unavailing. The Court suggests that it is inappropriate to hear a permissive appeal when the record is incomplete and the lower courts have yet to resolve the case on the merits. *Ante* at 19. But the "controlling question of law" requirement indicates that a full record is unnecessary in permissive interlocutory appeals. *See Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000) (Posner, C.J.) (observing that federal permissive appeal statute's reference to a

---

[21] *See* Act of May 30, 2005, 79th Leg., ch. 1051, § 2, 2005 Tex. Gen. Laws 3512, 3513 (amended 2011) (current version at TEX. CIV. PRAC. & REM. CODE § 51.014(f)).

"question of law" envisions "something the court of appeals could decide quickly and cleanly without having to study the record").

Moreover, although "[a] denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable," *id.* at 676, that has not dissuaded courts of appeals from hearing such interlocutory appeals when section 51.014(d)'s requirements are satisfied. *E.g.*, *City of Houston v. Hous. Pro. Fire Fighters' Ass'n, Loc. 341*, 626 S.W.3d 1, 7–8 (Tex. App.—Houston [14th Dist.] 2021, pet. granted); *State Farm Mut. Auto. Ass'n v. Cook*, 591 S.W.3d 677, 679 (Tex. App.—San Antonio 2019, no pet.). For all these reasons, courts of appeals should be required to explain their decision on the issue whether those requirements are satisfied. I would at minimum reverse and remand for the court of appeals to do so.

### III.   The court of appeals was incorrect in concluding that the requirements of section 51.014(d) are not satisfied.

Clearing away the plurality's argument regarding the denial of summary judgment reveals a second, independent basis for reversing the court of appeals' decision to deny permission to appeal: not only did that court fail to explain its reasons for concluding that section 51.014(d)'s requirements have not been established, the record shows that its conclusion regarding those requirements is every bit as incorrect as the hypothetical order I described above. As discussed in Part I.A., whether subsection (d)'s two prerequisites are satisfied is not an issue committed to the court of appeals' discretion.

In the disputed contract provision at issue here, Industrial Specialists agreed to indemnify Blanchard "from and against all . . .

30

suits and other liabilities . . . except to the extent the liability, loss, or damage is attributable to and caused by the negligence of [Blanchard]." Blanchard moved for partial summary judgment on its claim for a declaratory judgment that this provision required Industrial Specialists to indemnify it for amounts it paid to settle liabilities attributable to other parties. And Industrial Specialists moved for summary judgment on various grounds, including that the indemnity is unenforceable because it fails the express-negligence test.

The trial court initially denied both parties' motions. But in its subsequent amended order granting permission to appeal, the court "makes the following substantive ruling" in favor of Blanchard:

> The March 14, 2013 Major Service Contract between [Industrial Specialists] and Plaintiff Blanchard Refining Company LLC does not prohibit Plaintiffs Blanchard and Marathon Petroleum Company LP from seeking indemnity from [Industrial Specialists] for personal-injury settlement payments Plaintiffs made, to the extent those payments were attributable to or caused by the negligence of parties other than Plaintiffs.

The trial court went on to find that there was "substantial ground for difference of opinion" regarding "whether the parties' written agreement prohibits Plaintiffs from seeking indemnity," and that "an immediate appeal of . . . this Court's ruling on this controlling question of law" may "materially advance the ultimate termination of this litigation."

The trial court's determinations on the section 51.014(d) requirements are legally correct. Regarding substantial ground for difference of opinion, courts of appeals are divided regarding the enforceability of Industrial Specialists' agreement to indemnify

31

Blanchard. *See* p. 15 n.10, *supra*. We regarded this difference as substantial enough that we granted review to resolve it. And as to advancing termination, reversing the trial court's substantive ruling that indemnity is not prohibited would resolve the case entirely in Industrial Specialists' favor, while affirming it would "considerably shorten the time, effort, and expense of" litigating Blanchard's remaining claim for breach of the indemnity provision. *Gulf Coast Asphalt*, 457 S.W.3d at 544–45 (quoting Renee Forinash McElhaney, *Toward Permissive Appeal in Texas*, 29 ST. MARY'S L.J. 729, 747–49 (1998)).

The plurality is wrong to bless the court of appeals' contrary conclusion as, "at a minimum, plausible." *Ante* at 12. There is no plausible argument that a substantial ground for difference of opinion is lacking; even the plurality pushes no such theory. The second requirement is only that the appeal "*may* materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE § 51.014(d)(2) (emphasis added). The statute does not say that the appeal "will certainly" or even "probably" bring the litigation to a sooner end. There is genuine contradiction in how the plurality treats the word "may" in this statute. It rides "may" to its outermost limit when the statute says that the court of appeals "may accept" the appeal. *Id.* § 51.014(f). But the plurality all but ignores "may" when the Legislature used that word to set a generous threshold for taking permissive appeals. It is implausible to conclude that regardless of how the court of appeals might rule on the summary judgment, the end of this litigation would not be substantially hastened. The opposite is true.

32

For these reasons, the court of appeals erred in concluding that "the petition fails to establish each requirement" of section 51.014(d) and Rule 28.3(e)(4). 634 S.W.3d at 760. I would reverse and remand for the court of appeals to exercise its discretion whether to accept this appeal meeting the statutory requirements.

*    *    *

Although section 51.014(d) appeals are "permissive" in nature, courts of appeals still must adhere to guiding principles in determining whether to accept or deny such an appeal. An error of law can never be a proper exercise of discretion, and it is a modest request that a court of appeals provide enough reasoning to ensure that its broad discretion was not abused. Despite acknowledging that courts of appeals continue to deny permissive appeals without any indication of having meaningfully considered them, the plurality and concurrence conclude the discretion given to those courts is so broad that we cannot intervene. Because the statutory text does not support this conclusion, our procedural rules require more, and these unexplained denials undermine section 51.014(d)'s utility, I respectfully dissent.


J. Brett Busby
Justice

**OPINION DELIVERED:** June 10, 2022

33